# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
May 22, 2012 Session

## KENNETH E. DIGGS v.
## LASALLE NATIONAL BANK ASSOCIATION, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH-11-0161-2     Arnold B. Goldin, Chancellor

---

### No. W2011-02203-COA-R3-CV - Filed May 30, 2012

---

This is an appeal from the grant of a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court found that the Appellant's claim sounded in fraud. However, the trial court ruled that the Appellant failed to plead fraud with particularity and dismissed. Affirmed.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Kenneth E. Diggs, Memphis, Tennessee, for the appellant, pro se.

Donna L. Roberts and Lauren Paxton Roberts, Nashville, Tennessee, for the appellees, Bank of America, N.A. and Bank of America Corporation.

Byron Norman Brown, IV, Memphis, TN, and James Campbell Bradshaw, Nashville, Tennessee, for the appellees, EMC Mortgage Corporations and JP Morgan & Chase Co.

## OPINION

### I. Background

Plaintiff/Appellant Kenneth E. Diggs filed a *pro se* complaint titled "Complaint, Fraud" on February 1, 2011 against the Defendants/Appellees Lasalle National Bank

Association ("Lasalle"), Bank of America Corporation ("Bank of America"),[1] EMC Mortgage Corporations ("EMC"), and JP Morgan & Chase Co. ("JP Morgan," and together with Lasalle , Bank of America and EMC, "Appellees").

Mr. Diggs asserts that he entered into an agreement with EMC to pay $1,600.00 per month on his mortgage. However, when his electricity was disconnected, he used the money to pay for the electricity, rather than the mortgage. He also alleges that he received psychiatric treatment for delusions and hallucinations due to stress caused by EMC. Due to these psychiatric problems, Mr. Diggs alleges that he was unable to work, and therefore unable to pay his mortgage. Mr. Diggs subsequently lost his job purportedly after he took a thirty-day sick leave. Because Mr. Diggs was unable to pay his mortgage, EMC initiated proceedings to foreclose on Mr. Diggs' property.

Mr. Diggs filed for bankruptcy on May 14, 2007. On the same day, EMC foreclosed on his property and sold it to Lasalle for $109,650.00, leaving a balance of $38,718.78 owing on the EMC mortgage. The sale was evidenced by a Trustee's Deed recorded in the Office of the Shelby County Register of Deeds.

On June 11, 2007, an Affidavit of Substitute Trustee was recorded in the Office of the Shelby County Register of Deeds. The affidavit provides that, as a result of the bankruptcy proceeding, the May 14, 2007 foreclosure sale and Substitute Trustee's deed were, in the Substitute Trustee's opinion, "null and void."[2] Accordingly, Mr. Diggs' maintained

---

[1] According to the brief of Lasalle and Bank of America, both parties were improperly named in Mr. Diggs' brief. The proper name of Lasalle is Lasalle Bank, N.A., which merged into and subsequently operated as part of Bank of America, N.A., rather than Bank of America Corporation.

[2] Federal law provides that when a debtor files a petition for bankruptcy:

[The petition] operates as a stay, applicable to all entities, of–

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . . .

(continued...)

ownership of the property at this point and was ordered to make payments on his mortgage by the bankruptcy court.

Mr. Diggs' bankruptcy case was dismissed on February 5, 2009. On January 11 and January 13, 2010, Wilson & Associates, PLLC, on behalf of EMC, sent Mr. Diggs a notice of intent to initiate foreclosure proceedings on the subject property. The notice stated that foreclosure was scheduled for February 12, 2010. On February 12, 2010, foreclosure occurred and the property was conveyed to Bank of America National Association, a successor by merger to Lasalle. However, the trustee's deed evidencing this sale is not included in the record.

On February 11, 2011, Mr. Diggs filed his complaint for damages in Shelby County Chancery Court. The complaint seeks monetary damages of four billion dollars ($4,000,000,000) or three hundred million ($300,000,000) per year from EMC and JP Morgan. In addition, the complaint seeks damages of four billion dollars ($4,000,000,000) from Lasalle and Bank of America, or, in the alternative to be made a partner of one of these companies, and paid fifty-four million dollars ($54,000,000.00) quarterly.

On March 9, 2011, Lasalle and Bank of America filed a motion to dismiss Mr. Diggs' complaint for failure to state a claim upon which relief could be granted. Additionally, on March 10, 2011, EMC and JP Morgan filed a motion to dismiss, or, in the alternative, a motion for a more definite statement. The motions argued that Mr. Diggs failed to plead fraud with particularity and failed to put any of the defendants on notice as required by Rule 8.01 of the Tennessee Rules of Civil Procedure.[3]  Mr. Diggs filed several motions to strike the Appellee's motions to dismiss.

On April 1, 2011, Mr. Diggs filed another pleading titled "Amended Complaint - Fraud." On April 25, 2011, EMC and JP Morgan filed an amended and supplemental motion to dismiss, arguing that the amended complaint again failed to plead fraud with particularity and failed to put any of the defendants on notice as required by Rule 8.01 of the Tennessee Rules of Civil Procedure. In addition, the motion noted that Mr. Diggs had previously filed

---

[2](...continued)
11 U.S.C. § 362 (2010). Once Mr. Diggs initiated bankruptcy proceedings, an automatic stay was placed on his property. EMC was, therefore, not entitled to foreclose on the property without court approval. As such, the foreclosure on May 14, 2007 was void *ab initio* and had no legal effect. Accordingly, the property was still owned by Mr. Diggs at that time.

[3] Rule 8.01 of the Tennessee Rules of Civil Procedure requires only a "short and plain statement of the claim."

a similar claim in Division VI of Shelby County Circuit Court. Because that complaint had been dismissed with prejudice, EMC and JP Morgan argued that the complaint and amended complaint filed by Mr. Diggs were barred by the doctrine of *res judicata*. On May 25, 2011, Lasalle and Bank of America also filed a supplemental motion to dismiss, with an essentially identical argument as EMC's and JP Morgan's motion. Mr. Diggs again filed several motions to strike the Appellee's supplemental motions to dismiss.

A hearing was held on August 22, 2011. After hearing arguments, the trial court dismissed Mr. Diggs' complaint without prejudice for failure to plead fraud with particularity. A written order reflecting that ruling was entered on September 2, 2011, which order was clarified by an amended order of dismissal filed December 2, 2011. The amended order specifically denies all outstanding motions filed by any party. Mr. Diggs appeals.

## II. Analysis

Before we can address the merits of Mr. Diggs' appeal, we must first consider the deficiencies in Mr. Diggs' brief. Tennessee Rule of Appellate Procedure 27 provides, in pertinent part:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the

authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27. In this case, Mr. Diggs' brief contains a section titled "Statement of the Issues," but the statement is merely a quotation from the June 11, 2007 Affidavit of the Substitute Trustee, and contains no statement of purported errors committed by the trial court. *See* Tenn. R. Ct. App. 6(a)(1) (noting that the brief should contain "[a] statement by the appellant of the alleged erroneous action of the trial court which raises the issue"). In addition, Mr. Diggs' statement of the facts contains only the following:

> Lasalle National Bank Association, Bank of America Corporation, EMC Mortgage Corporations, and JP Morgan & Chase Co. failed to return Kenneth E. Diggs['] property 2628 Fulham Place Memphis, Tennessee 38128 Deed: Instrument #06028433 to the Shelby County, Tennessee Register's Office.

*See* Tenn. R. Ct. App. 6(a)(2) (requiring the appellant to include "[a] statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found"). However, facts are included in the argument section of Mr. Diggs' brief. In addition, Mr. Diggs' Statement of the Case contains no summary of the litigation in the trial court, but instead includes citations to case law. *See* Tenn. R. App. P. 27 (a)(5). Finally, the brief contains no citation whatsoever to the record. Rule 6 of the Tennessee Rules of the Court of Appeals provides, in pertinent part:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b); *see also* **Bean v. Bean**, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (noting that Tennessee "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue"). We recognize that Mr. Diggs

is proceeding *pro se* in this appeal, as he was in the trial court, and therefore may not be fluent in the Rules of this Court. However, it is well-settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). Accordingly, "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." ***Id.***

Although there are profound deficiencies in Mr. Diggs' brief, we discern that there is only one dispositive issue in this case: whether the trial court erred in dismissing Mr. Diggs' complaints without prejudice based on his failure to plead fraud with particularity. Accordingly, under our authority under Rule 2 of the Tennessee Rules of Appellate Procedure,[4] we proceed to consider the substance of this appeal.

Because this is an appeal from a motion to dismiss, we take all allegations of fact in the complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn R. App. P. 13(d); ***Mid-South Industries, Inc. v. Martin Mach. & Tool, Inc.***, 342 S.W.3d 19, (Tenn. Ct. App. 2010) (citing ***Owens v. Truckstops of America***, 915 S.W.2d 420, 424 (Tenn. 1996)).

Mr. Diggs' complaint contains factual allegations against the Appellees surrounding the foreclosure of his home. According to Mr. Diggs, he defaulted on his mortgage and EMC, the mortgage holder, was unwilling to work with Mr. Diggs to create a payment plan that would be satisfactory to both parties. Accordingly, Mr. Diggs filed for bankruptcy. While the bankruptcy was still pending, EMC sold the home at a foreclosure sale to Lasalle for $109,650.00. The sale left a balance of $38,718.78 to be paid by Mr. Diggs. However, because the house was sold while the bankruptcy case was pending, the Substitute Trustee declared the sale null and void. After the bankruptcy case was dismissed, EMC properly foreclosed on the property.

Mr. Diggs' complaint and amended complaint are captioned "Fraud." From our review of the complaints, Mr. Diggs alleges neither a breach of contract, nor failure of the mortgage holder to follow statutory or contractual rules regarding notice of the foreclosure

---

[4] Rule 2 of the Tennessee Rule of Appellate Procedure provides, in relevant part:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion.

sale.[5] Accordingly, giving Mr. Diggs' the benefit of all reasonable inferences, we discern no cause of action other than an allegation that the Appellees committed fraud in the foreclosure sale.

In order to state a claim for fraud or intentional misrepresentation, a plaintiff must allege facts supporting the following essential elements: (i) the defendant made a representation of an existing or past fact; (ii) the representation was false when made; (iii) the representation was in regard to a material fact; (iv) the false representation was made either knowingly or without belief in its truth or recklessly; (v) plaintiff reasonably relied on the misrepresented material fact; and, and (vi) plaintiff suffered damage as a result of the misrepresentation. *Metro. Gov't of Nashville & Davidson County v, McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992); *see also First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991); *Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005). The party alleging fraud bears the burden of proving each element. *Hiller v. Hailey*, 915 S.W.2d 800, 803 (Tenn. Ct. App. 1995) (quoting *Williams v. Spinks*, 7 Tenn. App. 488 (1928)).

Tennessee Rule of Civil Procedure 9.02 requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," while "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Tennessee Rule of Civil Procedure 9.02 requires "particularity." "Particularity," or the "quality or state of being particular," connotes a "concern[] with details, [or] minut[ia]." *The New Lexicon Webster's Dictionary of the English Language* 954 (1993). The particularity requirement means that any averments sounding in fraud (and the circumstances constituting that fraud) must "relat[e] to or designat[e] one thing singled out among many." *Id*. In other words, particularity in pleadings requires singularity—of or pertaining to a single or specific person, thing, group, class, occasion, etc., rather than to others or all. *See generally PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Development Corp.*, No. W2011-00325-COA-R3CV, 2012 WL 1572130 (Tenn. Ct. App. May 04, 2012) (discussing the fraud pleading requirements in detail).

Appellees argue that the allegations contained in Mr. Diggs' complaint are unclear, conclusory, and generally insufficient. We agree. From our review of Mr. Diggs' complaint

---

[5] The only law cited in Mr. Diggs' complaint or brief is *Doty v. Federal Land Bank*, 89 S.W.2d 337 (Tenn. 1935), which concerns whether a homeowner may sue to set aside a foreclosure sale when the Trustee fails to follow a plan of division submitted by the homeowner. Mr. Diggs states in his brief that "[w]here Trustee fails to sell pursuant to Defendant's plan, since sale is neither void nor voidable, and Defendant's only remedy is to sue Trustee for damages." *See id.* at 338. However, there are no allegations in the complaint that Mr. Diggs submitted a plan of division, nor does Mr. Diggs name the Trustee as a party in this case.

we find no allegations that particularly state that any of the Appellees knowingly made a false representation of material fact that was relied on by Mr. Diggs' to his detriment. Accordingly, Mr. Diggs failed to comply with Rule 9.02 of the Tennessee Rules of Civil Procedure. This Court has previously held that the trial court may properly dismiss a case for failure to comply with the pleading requirements of Rule 9.02 of the Tennessee Rules of Civil Procedure. *See Humphries v. West End Terrace*, Inc. 795 S.W.2d 128, 132 (Tenn. Ct. App. 1990); *PNC Multifamily,* 2012 WL 1572130, at *15–19.

Additionally, even if Mr. Diggs' complaint avers causes of action other than fraud, we hold that he has failed to plead those claims in accordance with Rule 8.01 of the Tennessee Rules of Civil Procedure. Rule 8.01 states:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

In this case, the facts relied on by Mr. Diggs do not show that he is entitled to any kind of relief. At most, the complaint shows that EMC mistakenly foreclosed on Mr. Diggs' home while the property was part of a bankruptcy proceeding and then properly foreclosed on the property several months after the bankruptcy proceeding was dismissed. Accordingly, even under the more liberal pleading standard of Rule 8.01, Mr. Diggs has failed to state a claim upon which relief can be granted. Therefore, the judgment of the trial court dismissing this case without prejudice is affirmed.

### III. Conclusion

The judgment of the Shelby County Chancery Court is affirmed and this cause is remanded to the trial court for the collection of costs. Costs of this appeal are assessed to Plaintiff/Appellant Kenneth E. Diggs, and his surety.

_____
J. STEVEN STAFFORD, JUDGE