IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 20, 2013

# KENNETH E. DIGGS v. LASALLE NATIONAL BANK ASSOCIATION, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH1217932     Arnold B. Goldin, Chancellor

---

## No. W2013-01121-COA-R3-CV - Filed September 17, 2013

---

This appeal results from the trial court's dismissal of a complaint on the basis of *res judicata*. However, in his appellate brief, the Appellant fails to raise as an issue the trial court's application of the doctrine of *res judicata*, or the resulting dismissal.   Because the Appellant's brief fails to raise and argue the dispositive issue in this case and does not otherwise comply with the requirements of the Tennessee Rules of Appellate Procedure, we decline to address the merits of the case and dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Kenneth E. Diggs, Memphis, Tennessee, Pro Se.

Lauren Paxton Roberts, Nashville, Tennessee, for the Appellees, Bank of America, N.A. and Bank of America Corporation.

John R. Wingo and Lauren Paxton Roberts, Nashville, Tennessee, for the Appellees, EMC Mortgage Corporation and J.P. Morgan Chase Bank, N.A.

# MEMORANDUM OPINION[1]

## I. Background

Plaintiff/Appellant Kenneth E. Diggs filed a *pro se* complaint on November 19, 2012 against the Defendants/Appellees Lasalle National Bank Association ("Lasalle"), Bank of America Corporation ("Bank of America"), EMC Mortgage Corporations ("EMC"), and JP Morgan & Chase Co. ("JP Morgan," and together with Lasalle, Bank of America and EMC, "Appellees"). The allegations in the complaint were largely identical to a complaint previously filed by Mr. Diggs and dismissed by the trial court without prejudice for failure to state a claim upon which relief could be granted. *See Diggs v. Lasalle Nat. Bank Ass'n*, 387 S.W.3d 559 (Tenn. Ct. App. 2012) (perm. app. denied Oct. 18, 2012). According to our previous opinion affirming the dismissal of the first complaint:

> Mr. Diggs asserts that he entered into an agreement with EMC to pay $1,600.00 per month on his mortgage. However, when his electricity was disconnected, he used the money to pay for the electricity, rather than the mortgage. He also alleges that he received psychiatric treatment for delusions and hallucinations due to stress caused by EMC. Due to these psychiatric problems, Mr. Diggs alleges that he was unable to work, and therefore unable to pay his mortgage. Mr. Diggs subsequently lost his job purportedly after he took a thirty-day sick leave. Because Mr. Diggs was unable to pay his mortgage, EMC initiated proceedings to foreclose on Mr. Diggs's property.
>
> Mr. Diggs filed for bankruptcy on May 14, 2007. On the same day, EMC foreclosed on his property and sold it to Lasalle for $109,650.00, leaving a balance of $38,718.78 owing on the EMC mortgage. The sale was evidenced by a Trustee's Deed recorded in the Office of the Shelby County Register of Deeds.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On June 11, 2007, an Affidavit of Substitute Trustee was recorded in the Office of the Shelby County Register of Deeds. The affidavit provides that, as a result of the bankruptcy proceeding, the May 14, 2007 foreclosure sale and Substitute Trustee's deed were, in the Substitute Trustee's opinion, "null and void."[2] Accordingly, Mr. Diggs maintained ownership of the property at this point and was ordered to make payments on his mortgage by the bankruptcy court.

Mr. Diggs's bankruptcy case was dismissed on February 5, 2009. On January 11 and January 13, 2010, Wilson & Associates, PLLC, on behalf of EMC, sent Mr. Diggs a notice of intent to initiate foreclosure proceedings on the subject property. The notice stated that foreclosure was scheduled for February 12, 2010. On February 12, 2010, foreclosure occurred and the property was conveyed to Bank of America National Association, a successor by merger to Lasalle.

*Diggs*, 387 S.W.3d at 560–61.

---

[2] Federal law provides that when a debtor files a petition for bankruptcy:

> [The petition] operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . . .

11 U.S.C. § 362 (2010). Once Mr. Diggs initiated bankruptcy proceedings, an automatic stay was placed on his property. EMC was, therefore, not entitled to foreclose on the property without court approval. As such, the foreclosure on May 14, 2007 was void *ab initio* and had no legal effect. Accordingly, the property was still owned by Mr. Diggs at that time.

On November 19, 2012, Mr. Diggs filed the complaint at issue in this appeal in Part III of the Chancery Court of Shelby County. The complaint alleges that the above facts constitute breach of contract on behalf of the Appellees and that Mr. Diggs is entitled to over four billion dollars in damages, as well as attorneys fees, despite the fact that Mr. Diggs has proceeded *pro se* throughout these proceedings. The complaint was amended on December 20, 2012 to add additional allegations of EMC's parent companies' agreement to settle charges brought by the Federal Trade Commission related to unlawful mortgage practices.

Bank of America, individually, and as successor in interest to Lasalle, filed a Motion to Dismiss and Memorandum on December 21, 2012, arguing that the claims asserted by Mr. Diggs were barred by *res judicata*. Specifically, Bank of America asserted that Mr. Diggs had brought nearly identical claims against the Appellees, on four separate occasions, all of which had previously been dismissed, some with prejudice. JP Morgan, individually, and as successor in interest to EMC, filed a Motion for an Extension of Time to reply to the complaint on December 28, 2012.

On January 7, 2013, Mr. Diggs filed several Motions to Strike Bank of America's Motion to Dismiss and Memorandum and to be awarded "*pro se*/counsel fees." On January 8, 2013, Mr. Diggs also filed a Motion to Strike JP Morgan's Motion for an Extension of Time, as well as a Motion for a Default Judgment. On January 16, 2013, JP Morgan filed its Motion to Dismiss, relying on the same ground asserted by Bank of America. Mr. Diggs responded with further Motions to Strike. On February 6, 2013, the trial denied Mr. Diggs's Motion for Default Judgment, implicitly granting JP Morgan's request for an extension. On March 1, 2013, the case was transferred to Part II of the Chancery Court of Shelby County.

On April 18, 2013, the trial court granted the Appellees' Motions to Dismiss, finding that Mr. Diggs's complaint was barred by *res judicata*. The Court stated: "The Court finds that [Mr. Diggs] has filed multiple lawsuits based on the same factual allegations, involving the same causes of action, and against these same defendants, and that there has been a final decision on the merits by a court of competent jurisdiction."

Mr. Diggs filed a timely notice of appeal, raising a number of issues that are not pertinent to this appeal. As we perceive it, there is only one dispositive issue in this case: whether the trial court erred in concluding that Mr. Diggs's complaint was barred by the doctrine of *res judicata*. In addition, the Appellees have argued that Mr. Diggs's brief is in violation of the Rules of Appellate Procedure and, therefore, should be dismissed. We agree.

## II. Analysis

As previously discussed, the only substantive issue in this appeal is whether the trial

court correctly dismissed Mr. Diggs's petition on the basis of *res judicata*. Mr. Diggs, however, fails to raise this issue in his appellate brief, fails to cite any authority to show that the trial court erred in dismissing the case, and fails to include proper citation to the appellate record to support his alleged errors. Because of these serious deficiencies, the Court is unable to reach the merits of Mr. Diggs's appeal.

Tennessee Rule of Appellate Procedure 27 provides, in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27.  Rule 6 of the Tennessee Rules of the Court of Appeals describes further requirements for the content of the argument "in regard to each issue on appeal." Rule 6 states:

> (a) Written argument in regard to each issue on appeal shall contain:
>
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
>
> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6.

Despite the express demands of Rule 27 and Rule 6, Mr. Diggs's appellate brief has numerous significant deficiencies. First, and most importantly, Mr. Diggs fails to raise as an issue the trial court's dismissal of his complaint on the basis of *res judicata*.  Moreover, he does not cite any law with regard to the *res judicata* issue in his appellate brief. Instead, Mr. Diggs's statement of the issues pertains only to the substantive issues purportedly raised by

his complaint.[3] The Tennessee Supreme Court has held that issues are waived where the Appellant fails "to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7)." **Bean v. Bean**, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2009). Deficiencies such as these were recently considered by this Court in **Owen v. Long Tire**. *See Long*, 2011 WL 6777014, at *4. In that case, this Court stated:

> The requirement of a statement of the issues raised on appeal is no mere technicality. First, of course, the appellee is entitled to fair notice of the appellate issues so as to prepare his or her response. Most important, this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed. On appeal, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13.

*Id.* at *4. Thus, issues not presented for review are generally deemed waived by this Court. *Id.* In this case, the trial court's order of dismissal was based solely on the application of the doctrine of *res judicata*. However, Mr. Diggs's brief fails to afford the Appellees any notice that he is asserting that the trial court erred in dismissing his complaint on this basis. Without the issue of the dismissal being raised or argued by Mr. Diggs in his appellate brief, we must conclude that any issue as the propriety of the dismissal is waived.

In addition, Mr. Diggs's brief contains no references to the appellate record of any kind. As we have previously held, "[t]his Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in their brief." **Owen v. Long Tire, L.L.C.**, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) (quoting **Bean**, 40 S.W.3d at 56); *see* **Mabry v. Mabry**, No. 03A01–9106CH207, 1992 WL 24995, at *1 (Tenn. Ct. App. Feb. 14, 1992) ("It is not incumbent upon this Court to sift through the record in order to find proof to substantiate the factual allegations of the parties."); *see also* **Quaites v. University of Tennessee College of Pharmacy**, No. M2011-00923-COA-R3-CV, 2012 WL 172893 (Tenn. Ct. App. January 19, 2012) (dismissing an appeal for, *inter alia*, failure to include references to the appellate record in the appellant's brief). The Tennessee Supreme Court has noted that "[c]ourts have routinely held that the failure to make appropriate references to the record . . . as required by Rule 27(a)(7) constitutes a waiver of the issue." **Bean**, 40 S.W.3d at 55 (citing cases).

---

[3] From our reading of Mr. Diggs's brief, he may also be taking issue with the trial court's refusal to grant him a default judgment against JP Morgan. However, Mr. Diggs fails to cite any law regarding this issue. The issue is, therefore, waived. *See Bean*, 40 S.W.3d at 55.

We recognize that Mr. Diggs is proceeding *pro se* in this appeal, as he was in the trial court, and therefore may not be fluent in the Rules of this Court. However, it is well-settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). Accordingly, "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." ***Id.***

This Court has previously held that "profound deficiencies [like those found in Mr. Diggs's appellate brief] render[] appellate review impracticable, if not impossible." ***Long***, 2011 WL 6777014, at \*4 (citing ***Missionary Ridge Baptist Church v. Tidwell***, 1990 WL 94707, \*2 (Tenn. Ct. App. July 11, 1990) (refusing to rely on the brief of the appellant because it did not contain references to the record either in the statement of facts or the argument section of its brief)); *see also* ***Bean***, 40 S.W.3d at 55 (noting that the "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review").

While we recognize that this Court has discretion under Rule 2 of the Tennessee Rules of Appellate Procedure[4] to waive the express briefing requirements for good cause, we decline to exercise our discretion in this case. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54–55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (Tenn. 1928)). Given Mr. Diggs's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Tennessee Rules of the Court of Appeals, we decline to address the merits of this appeal. *See* ***Bean***, 40 S.W.3d at 55; ***Duchow v. Whalen***, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993).

### III. Conclusion

For the foregoing reasons, all issues relevant to this appeal are waived. Accordingly, this appeal is dismissed. Costs of this appeal are taxed to Plaintiff/Appellant Kenneth E. Diggs, and his surety.

---

[4] Rule 2 of the Tennessee Rule of Appellate Procedure provides, in relevant part:

For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion.

_____
J. STEVEN STAFFORD, JUDGE