FILED

10/24/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 9, 2019 Session

## B. NATHAN HUNT ET AL. V. DAVID LOWERY ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2017-CV-1882      Ross H. Hicks, Judge**

_____

### No. M2019-00203-COA-R3-CV

_____

This is an unlawful detainer action in which the owner permitted the defendants to live in her house rent-free. The owner was later declared incompetent, and her daughters/co-conservators sought to evict the defendants. The general sessions court awarded the co-conservators possession, and the defendants appealed to circuit court. Once the owner died, an administrator was substituted for the co-conservators as the plaintiff. The circuit court awarded the administrator rent for the period between the date the detainer summons was filed and the date the owner died. The defendants appealed, and we reverse the trial court's judgment. Neither the co-conservators nor the administrator ever filed a pleading seeking an award of rent from the defendants; therefore, the trial court erred when it awarded rent to the administrator.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

David N. Lowery and Thomas E. Smith, Clarksville, Tennessee, pro se.

B. Nathan Hunt, Clarksville, Tennessee, for the appellee, Estate of Waltraud Elisabeth LeMonte, and pro se.

# MEMORANDUM OPINION[1]

Waltraud Elisabeth LeMonte owned a house in Clarksville, Tennessee. Beginning in the spring of 2014, she gave her grandson, David Lowery, permission to live there rent-free. At some point in 2015, Ms. LeMonte allowed Thomas Smith and his daughter to move into the house with Mr. Lowery. Ms. LeMonte never charged either Mr. Lowery or Mr. Smith rent to live in the house.

Ms. LeMonte was declared incompetent sometime in 2016, and her daughters Bonnie Castor and Elke LeMonte were named her co-conservators. On July 24, 2017, Ms. Castor and Ms. LeMonte filed a detainer summons against Mr. Lowery and Mr. Smith (together, "the Defendants") in general sessions court. The co-conservators acknowledged that the Defendants were living in the house pursuant to an oral lease, and they stated that they were seeking possession of the property as a result of the Defendants' "failure to maintain premises causing cancellation of insurance." The detainer summons form the co-conservators filed included boxes that could be checked to recover particular items including rent, damages, and attorney fees. The co-conservators checked the boxes next to "damages" and "attorney fees," but they left the box next to "rent" unchecked. The form included the following language: "Rent payments of $____ are due on the ___ day of each ____, and the amount of rent owing through ____ and unpaid is $____." The co-conservators stated that rent payments of "$0.00" are due and wrote "N/A" on each of the other blank lines.

The general sessions court held a hearing on August 30, 2017, and awarded the co-conservators possession of the property. The issue of damages was reserved for a later hearing. The Defendants appealed the judgment to circuit court on September 8. The co-conservators filed a motion for "immediate writ of possession" on September 12. By order dated October 17, the circuit court denied the request for immediate possession, but it ordered the Defendants to increase their appeal bond from $500 to $10,000. The Defendants moved for a more definite statement in which they asked the co-conservators to explain the basis of their cause of action. The record does not include any response by the co-conservators to this motion. The Defendants then filed a counterclaim on March 9, 2018, asserting fraud, negligence, retaliation, and unlawful entry. Ms. LeMonte died on March 13, 2018, and B. Nathan Hunt, Administrator ad Litem for the Estate of Waltraud Elisabeth LeMonte ("Administrator"), was substituted for the co-conservators as the plaintiff in this action.

---

[1] Rule 10 of the Court of Appeals Rules provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

A hearing was held on January 2, 2019, and the trial court entered a Final Order on January 9.  The court found that any consent Ms. LeMonte gave the Defendants to live in her house rent-free was revoked when she was declared incompetent and her daughters were appointed her co-conservators.  The court ruled that the Defendants were not liable for any rent from the time the co-conservators were appointed until the time the detainer summons was filed because the parties "were involved in discussions regarding payment of rent during said time."  With regard to the seven-month period from the date the summons was filed until Ms. LeMonte's death, however, the court ruled that the Defendants are liable for the fair market rental value of the house.  The court determined that the fair market rental value was $1,200 per month, for a total of $8,400, and ordered that that amount be paid from the $10,000 bond the defendants posted in September 2018.  The trial court ordered that the remaining cash bond in the amount of $1,600 be returned to the Defendants and then dismissed the Defendants' counterclaims with prejudice.[2]

Mr. Lowery and Mr. Smith appealed the trial court's judgment.  They argue that they were denied their rights to due process during the final hearing on January 2, 2019.  We note that the appellate record contains neither a transcript of the hearing nor a statement of the evidence.  *See* TENN. R. APP. P. 24(c) (directing appellant to prepare statement of evidence when transcript not available).  As a result, we are unable to review the proceedings in the trial court to determine whether, in fact, the Defendants were denied their rights to due process, as they contend.

Although we are unable to review the trial court's proceedings, we are able to address the Defendants' argument that the Administrator is not entitled to an award of rent.  As Mr. Lowery points out in his brief, neither the co-conservators nor the Administrator ever made a request for rent from the Defendants.  When the co-conservators filed the detainer warrant, they indicated that "$0" was owed for rent.  They failed to request that the Defendants be ordered to pay rent going forward in the event they did not vacate the property.  Once the case was appealed to the circuit court and the co-conservators filed a motion seeking an immediate writ of possession, they wrote that "Defendants have not surrendered possession of the property."  The co-conservators stated that the property "could be leased at an amount in excess of $1,000 per month" and asked that the Defendants be ordered to post a bond "in the amount of double the value of one (1) year's rent."  Again, the co-conservators failed to request rent from the Defendants for their use of the property.  Once the Administrator was substituted for the co-conservators as the plaintiff, the Administrator failed to file any papers with the court requesting rent from the Defendants.

---

[2]The trial court did not address the Defendants' right to remain in the property following the death of Ms. LeMonte.  The parties explained during oral argument that Ms. LeMonte left a will devising the property to her son, with the result that the Estate had no interest in the property following Ms. LeMonte's death.

Rule 8.01 of the Tennessee Rules of Civil Procedure requires that a pleading setting forth a claim for relief include "(1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks." During oral argument the Administrator admitted that he was unaware of any request in either the general sessions court or the circuit court for rent from the Defendants.[3] Because the Administrator is not entitled to relief he (or the co-conservators) did not request, we reverse the trial court's award of rent to the Administrator. *See Boswell v. Young Men's Christian Ass'n of Middle Tenn.*, No. M2018-00180-COA-R3-CV, 2019 WL 1422926, at \*4 (Tenn. Ct. App. Mar. 29, 2019) (holding plaintiff waived claim for gross negligence because he failed to plead gross negligence in complaint); *Diggs v. Lasalle Nat'l Bank Ass'n*, 387 S.W.3d 559, 564-65 (Tenn. Ct. App. 2012) (dismissing plaintiff's complaint for failing to comply with pleading requirements of Tennessee Rules of Civil Procedure).

The trial court's judgment awarding rent to the Administrator is reversed, and the case is dismissed. Costs of appeal shall be assessed against the appellee, B. Nathan Hunt, Administrator ad Litem for the Estate of Waltraud Elisabeth LeMonte, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[3]The general sessions court reserved the issue of damages when it awarded the co-conservators possession on August 30, 2017, but that court did not have an opportunity to revisit the case because Mr. Lowery and Mr. Smith appealed it to the circuit court on September 8.