IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2021

## DAMIEAN DEVON TOLSON v. JOHN E. HERBISON

**Appeal from the Circuit Court for Davidson County**
**No. 18C1755    Don R. Ash, Senior Judge**

_____

### No. M2020-01362-COA-R3-CV

_____

Appellant, acting *pro se*, appeals the trial court's dismissal of his legal malpractice action against Appellee, the attorney who represented Appellant in post-conviction matters related to his criminal case. The trial court held that Appellant's lawsuit was barred by the running of the one-year statute of limitations.  Tenn. Code Ann § 28-3-104(c)(1). Discerning no error, we affirm and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Damien Devon Tolson, Wartburg, Tennessee, appellant, *pro se*.

No brief filed on behalf of appellee, John Edward Herbison.

### MEMORANDUM OPINION[1]

This legal malpractice case arises from Appellee John Edward Herbison's representation of Appellant Damien Devon Tolson.  Mr. Tolson was convicted of first-degree murder in Lawrence County.  The Court of Criminal Appeals affirmed the

---

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

conviction in an opinion filed on December 28, 2006, and the Tennessee Supreme Court denied permission to appeal on April 16, 2007. After proceedings on direct appeal were concluded, Mr. Tolson retained Mr. Herbison, in or around October 2007, to seek post-conviction relief on Mr. Tolson's behalf. Mr. Herbison filed a timely petition for post-conviction relief, and an evidentiary hearing was held on February 26, 2009. After the trial court denied Mr. Tolson relief, Mr. Herbison filed an appeal to the Court of Criminal Appeals, which affirmed the trial court's decision on July 29, 2010. Thereafter, Mr. Herbison sought review in the Tennessee Supreme Court, which denied certiorari on January 14, 2011.

On May 23, 2013, Mr. Tolson filed a complaint against Mr. Herbison with the Tennessee Board of Professional Responsibility ("the Board") by completing and submitting a "Request for Assistance" form. In this form, Mr. Tolson alleged that Mr. Herbison failed to notify Mr. Tolson of the Tennessee Supreme Court's denial of certiorari in January 2011 and also failed to answer Mr. Tolson's emails and other correspondence. As a result of Mr. Herbison's alleged errors, Mr. Tolson asserted that his writ of habeas corpus was denied as time-barred. The form that Mr. Tolson completed and signed contains the following disclaimer:

> You have a limited time (Statute of limitations) to file a legal malpractice or other lawsuit. Filing a complaint or Request for Assistance with the Board will not preserve your legal rights and remedies. You should pursue independent legal action and seek independent legal advice concerning your legal matters.

Mr. Herbison responded to the Board complaint by letter of October 22, 2013, wherein he stated that, "I am confident that I sent Mr. Tolson a copy of the opinion of the Court of Criminal Appeals," but admitted that he did "not independently recall whether I did or did not send [Mr. Tolson] a copy of the order of the Supreme Court denying the application for permission to appeal." By letter of March 19, 2014, the Board informed Messrs. Herbison and Tolson of its decision. The Board found "that a violation(s) of the Rules of Professional Conduct did occur" and noted that "[a]ppropriate private disciplinary action has been taken."

While his complaint was pending with the Board, Mr. Tolson filed his initial legal malpractice action against Mr. Herbison in the Federal District Court for the Middle District of Tennessee on October 18, 2013. On October 6, 2016, the Sixth Circuit Court of Appeals affirmed the district court's dismissal of the lawsuit.[2] Thereafter, on July 9, 2018, Mr. Tolson, acting *pro se*, filed the instant legal malpractice action against Mr.

---

[2] Our record does not contain any documents from the federal lawsuit. Accordingly, we take this information from averments made by Mr. Tolson to the Board and in the trial court, and from the findings set out in the trial court's order dismissing Mr. Tolson's lawsuit.

Herbison in the Circuit Court for Davison County ("trial court"). In his complaint, Mr. Tolson reiterated the allegations previously made with the Board and requested the trial court to: (1) issue an injunction against Mr. Herbison; (2) reimburse Mr. Tolson $15,000 in corrective and restorative fees for breach of contract; and (3) reinstate Mr. Tolson's case.

On September 4, 2020, the trial court dismissed Mr. Tolson's lawsuit on the ground that the complaint was time-barred under the applicable one-year statute of limitations. Tenn. Code Ann. § 28-3-104(c)(1). On September 11, 2020, Mr. Tolson filed a motion to alter or amend the judgment; the trial court denied the motion by order of October 16, 2020. Mr. Tolson appeals.

Although Mr. Tolson raises several issues for review, the dispositive issue in this appeal is simply whether the trial court erred in dismissing Mr. Tolson's legal malpractice action on the ground that the statute of limitations had run.

Whether a claim is barred by an applicable statute of limitations is a question of law. ***Brown v. Erachem Comilog, Inc.***, 231 S.W.3d 918, 921 (Tenn. 2007); ***Owens v. Truckstops of Am.***, 915 S.W.2d 420, 424 (Tenn. 1996). We review the trial court's resolution of questions of law *de novo*, with no presumption of correctness. ***Kelly v. Kelly***, 445 S.W.3d 685, 692 (Tenn. 2014); ***Armbrister v. Armbrister***, 414 S.W.3d 685, 692 (Tenn. 2013).

Before turning to the issue, we note that Mr. Tolson is proceeding *pro se* in this appeal. Courts should consider that many *pro se* litigants have no legal training and little familiarity with the judicial system. ***Garrard v. Tenn. Dep't of Corr.***, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014) (internal citations omitted). Therefore, the courts give *pro se* litigants, who are untrained in the law, a certain amount of leeway in drafting their pleadings and briefs. ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997). However, "[p]ro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1989). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Whitaker***, 32 S.W.3d at 227. Instead, *pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere. ***Diggs v. Lasalle Nat. Bank Assoc.***, 387 S.W. 3d 559, 563 (Tenn. Ct. App. 2012); ***Brown v. Christian Bros. University***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).

The applicable statute of limitations for legal malpractice claims is found at Tennessee Code Annotated section 28-3-104(c), to-wit:

> (c)(1) Actions and suits against licensed public accountants, certified public accountants, or attorneys for malpractice shall be commenced within one (1) year after the cause of action accrued, whether the action or suit is grounded or based in contract or tort.
>
> (2) In no event shall any action or suit against a licensed public accountant, certified public accountant or attorney be brought more than five (5) years after the date on which the act or omission occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action or suit shall be commenced within one (1) year after discovery that the cause of action exists.

Tenn. Code Ann. § 28-3-104(c)(1)-(2). In *John Kohl Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528 (Tenn. 1998), the Tennessee Supreme Court explained that

> [t]he statute of limitations for legal malpractice is one year from the time the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2).[3] When the cause of action accrues is determined by the discovery rule. Under this rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997)).
> In legal malpractice cases, the discovery rule is composed of two distinct elements: (1) the plaintiff must suffer legally cognizable damage— an actual injury—as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct. *Carvell v. Bottoms*, 900 S.W.2d 23, 28-30 (Tenn. 1995).
>
> ***
>
> The knowledge component of the discovery rule may be established by evidence of actual or constructive knowledge of the injury. *Carvell*, 900 S.W.2d at 29. Accordingly, the statute of limitations begins to run when the plaintiff has actual knowledge of the injury as where, for example, the defendant admits to having committed malpractice or the plaintiff is

---

[3] The relevant portion of this statute is now found at Tenn. Code Ann. § 28-3-104(c)(1).

informed by another attorney of the malpractice. Under the theory of constructive knowledge, however, the statute may begin to run at an earlier date—whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct. *Id.*

*John Kohl & Co., P.C.*, 977 S.W.2d at 532-33. *See also **Riddle v. Carlton***, No. W2011-02145-COA-R3-CV, 2012 WL 1948870, at *3 (Tenn. Ct. App. May 31, 2012).

In reaching its decision that the statute of limitations had run on Mr. Tolson's legal malpractice claims, the trial court specifically found that:

Under the most liberal interpretation of the [] Complaint, Tolson became aware of the alleged malpractice by Herbison on October 18, 2013, when Tolson filed a legal malpractice claim against [Herbison] in Federal Court. Considering Tennessee's one-year statute of limitations period for legal malpractice claims, even if the Court accepted Tolson's allegations as true, Tolson can prove no set of facts in support of his claims which would entitle him to relief. . . . Based upon Rule 12.02(b)(6) of the Tennessee Rules of Civil Procedure and all applicable authority, the Court dismisses the [] legal malpractice action for failure to state a claim upon which relief may be granted.

As discussed above, in his complaint, Mr. Tolson alleged that Mr. Herbison failed to make timely filings and also failed to properly communicate with Mr. Tolson regarding the status of his post-conviction criminal matters. There can be no doubt that Mr. Tolson was aware of these alleged shortcomings by October 18, 2013, when he filed his initial lawsuit in federal court. However, more realistically, Mr. Tolson was aware of facts sufficient to form the basis of his lawsuit by May 23, 2013 when he filed the complaint against Mr. Herbison with the Board. From his averments to the Board, Mr. Tolson contends that Mr. Herbison's failure to correspond with Mr. Tolson concerning the Tennessee Supreme Court's denial of certiorari in his post-conviction matters resulted in the untimely filing of his writ of habeas corpus. It is well settled the loss of a legal right or remedy can serve as a "legally cognizable injury." *See **Cherry v. Williams***, 36 S.W.3d 78, 84 (Tenn. Ct. App. Apr. 17, 2000) (explaining that a legally cognizable injury occurs when a court renders judgment). Furthermore, a "plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Riddle*, 2012 WL 1948870, at *3 (quoting *Honeycutt v. Wilkes, McCullough & Wagner*, No. W2007-00185-COA-R3-CV, 2007 WL 2200285, at *8 (Tenn. Ct. App. Aug. 2, 2007)).

Applying the most liberal analysis concerning when Mr. Tolson became aware of his potential legal malpractice claims against Mr. Herbison, the latest date would be May 23, 2013, when he filed his complaint with the Board. Applying the May 23, 2013 date, it is clear that Mr. Tolson's initial lawsuit in federal court was timely as it was filed on October 18, 2013, which was within one year of the May 23, 2013 date. The question, then, is whether the filing of the lawsuit in federal court worked to toll the statute of limitations in the state lawsuit.

Tennessee Code Annotated section 28-1-115 provides that,

[n]otwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

The record is silent as to the date the district court rendered its decision in Mr. Tolson's federal lawsuit. However, we know that the district court's dismissal of the lawsuit was affirmed by the Sixth Circuit Court of Appeals on October 6, 2016.[4] Although it is not clear whether the federal lawsuit was dismissed "for lack of jurisdiction" so as to trigger section 28-1-115, even giving Mr. Tolson the benefit of the doubt and assuming that the basis of the decision was lack of jurisdiction, his state case was filed outside the applicable statute of limitations. Applying section 28-1-115, and giving Mr. Tolson the most expansive reading thereof, Mr. Tolson had, at the very most, one-year from October 6, 2016 (the date of the circuit court's dismissal of the federal action) to file his state lawsuit, i.e., October 6, 2017. Mr. Tolson's lawsuit, however, was filed in the trial court on July 9, 2018, which was well outside the one-year statute of limitation. As such, the trial court properly dismissed Mr. Tolson's lawsuit as time-barred.

Before concluding, we briefly address Mr. Tolson's argument that the "Statute of Repose," Tennessee Code Annotated section 28-3-104(c)(2), *supra,* operates to save his lawsuit. Mr. Tolson's reliance on section 28-3-104(c)(2) is misplaced. The statute of repose may extend the date for filing up to five years but only in cases where there has been fraudulent concealment of the attorney's actions or omissions. Tenn. Code Ann. § 28-3-104(c)(2). There is simply no indication that Mr. Herbison engaged in fraudulent concealment in this case. Rather, as discussed above, Mr. Tolson was fully aware of Mr. Herbison's alleged errors at the time he filed his complaint with the Board.

---

[4] We make no finding concerning whether the one-year extension of the statute of limitations under Tennessee Code Annotated section 28-1-115 would be triggered by the district court's decision or whether the statute would toll the statute of limitations through the federal appellate process. As noted above, we do not know the date of the district court's dismissal of Mr. Tolson's lawsuit, but we do know the date of the circuit court's adjudication. So, again giving Mr. Tolson the most expansive reading of the statute, we will calculate the statute of limitations from the date of the circuit court's dismissal.

For the foregoing reasons, we affirm the trial court's dismissal of Mr. Tolson's lawsuit. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Damiean Devon Tolson. Because Mr. Tolson is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE
