IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2025

## ROBYN HURVITZ V. WILLIAM SMITH, ET AL.

Appeal from the Circuit Court for Monroe County
No. V21217S    J. Michael Sharp, Judge

No. E2025-00778-COA-T10B-CV

A self-represented defendant moved to recuse the trial judge. This is an accelerated interlocutory appeal filed after the trial court's denial of the motion. We dismiss the appeal because the defendant failed to comply with Tennessee Supreme Court Rule 10B.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;
Appeal Dismissed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, P.J., M.S., and KENNY ARMSTRONG, J., joined.

William Smith, Coker Creek, Tennessee, pro se appellant.

## OPINION

### I.    BACKGROUND

The litigation underlying this appeal began when Robyn Hurvitz ("Plaintiff") filed a complaint in Monroe County Circuit Court concerning a dispute over real property with William Smith ("Defendant") on June 17, 2021. The relationship between the parties deteriorated during the pendency of the action, prompting the trial court to advise Defendant to refrain from referring to Plaintiff in a vulgar manner and from offering evidence in any way related to Plaintiff's alleged criminal history or other allegations. The court ultimately ruled in favor of Plaintiff and entered judgment against Defendant, who appealed to this court. We summarily dismissed the appeal by memorandum opinion, citing Defendant's failure to comply with the Tennessee Rules of Appellate Procedure. *Hurvitz v. Whiskey Barrel Trading Co., LLC*, No. E2023-01633-COA-R3-CV, 2024 WL 4326580, at *4-6 (Tenn. Ct. App. Sept. 27, 2024). We likewise awarded Plaintiff her attorney fees on appeal in accordance with Tennessee Code Annotated section 27-1-122.

*Id.*, at \*6-7. It appears that the contentious nature of the relationship between Plaintiff and Defendant has continued upon remand to the trial court.

Defendant filed motions to recuse the trial judge on February 3, February 25, and March 4, 2025, all based on different facts and circumstances asserting that the judge's impartiality and integrity might reasonably be questioned due to the judge's repeated failure to acknowledge Plaintiff's alleged criminal activity. By orders entered on February 12 and March 9, the trial court denied the multiple motions to recuse. Defendant filed the instant interlocutory appeal as of right from the trial court's most recent denial, entered on March 9, 2025, pursuant to Tennessee Supreme Court Rule 10B.

## II.    DISCUSSION

We have reviewed Defendant's Rule 10B petition and its supporting documents filed May 23, 2025. Upon review, we have determined that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Defendant does not comply with Rule 10B. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." Tenn. Sup. Ct. R. 10B. Rule 10B places several requirements on the party seeking an accelerated interlocutory appeal as of right. *Id.* § 2.02. To effect such an appeal "from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order." *Id.* § 2.02. The petition for recusal appeal "shall" contain:

(a)    A statement of the issues presented for review;

(b)    A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c)    An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons

why the contentions require appellate relief, with citations to the authorities; and

> (d)     A short conclusion, stating the precise relief sought.
>
> The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

*Id.* § 2.03.

The petition presented for this court's accelerated interlocutory appeal is woefully deficient. Defendant included a copy of a motion for recusal, dated February 28, 2025; pages of a transcript from the recusal hearing; pages of transcript from other hearings; copies of text messages and call logs; and a few pages from the court's order denying the February 3 motion that is not at issue here. Defendant failed to include (1) a copy of the second motion for recusal at issue, filed March 4 and (2) a copy of the trial court's order ruling on the February 28 and March 4 motions.

"The party seeking recusal bears the burden of proof." *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). We recognize that Defendant is not represented by counsel. It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). Accordingly, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat'l Bank Assoc., et al.*, 387 S.W.3d 559, 563 (Tenn. Ct. App. 2012); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). Rule 10B's requirements are mandatory as indicated by the use of the word "shall" in Section 2.03. *See Rohit Uppal v. Neera Uppal*, No. E2025-00710-COA-T10B-CV, 2025 WL 1517521, at *3 (Tenn. Ct. App. May 28, 2025) (holding that the failure to comply with Section 1.01 of Rule 10B necessitated affirmance of the denial of the motion to recuse). We are also unable to fully review the trial court's decision without a copy of the order denying the motions to recuse. *Robert R. Batson, Sr. Revocable Living Tr. by Batson v. Batson-Smith*, No. M2024-00739-COA-T10B-CV, 2024 WL 2933352, at *2 (Tenn. Ct. App. June 11, 2024) (dismissing the appeal, in part, for failure to include a copy of the court's order for review).

### III.   CONCLUSION

We dismiss the appeal based upon the failure to comply with the mandatory requirements of Tennessee Supreme Court Rule 10B.  The case is remanded for further proceedings.  Costs of the appeal are taxed to the appellant, William Smith, for which execution may issue if necessary.


_____
JOHN W. McCLARTY, JUDGE