FILED
09/08/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 3, 2017

## JON ROOZBEH VAZEEN, AKA HASSAN VAZIN v. MICHELLE SMITH VAZIN

**Appeal from the Circuit Court for Davidson County**
**No. 14D2614    Phillip R. Robinson, Judge**

_____

**No. M2016-01133-COA-R3-CV**

_____

The trial court granted Wife a divorce; divided marital assets and liabilities; and awarded Husband five years of rehabilitative alimony. Husband appealed. Due to the deficiencies in Husband's appellate brief, we do not reach Husband's substantive issues and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Dismissed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which W. NEAL MCBRAYER, J. joined. CHARLES D. SUSANO, JR., J., filed a separate concurring and dissenting opinion.

Jon Roozbeh Vazeen, Nashville, Tennessee, *pro se*.

Virginia J. Connell, Nashville, Tennessee, for the appellee, Michelle S. Vazin.

## MEMORANDUM OPINION[1]

Appellant Jon Roozbeh Vazeen ("Husband") and Appellee Michelle Smith Vazin

---

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Wife") were married in February 1990. Wife filed for divorce on December 12, 2014. At the time of the divorce, the parties had no minor children. Husband filed a counter-complaint for divorce on November 24, 2015. Following a hearing, the trial court dismissed Husband's counter-complaint and granted Wife an absolute divorce based on Husband's inappropriate marital conduct. The trial court divided the marital assets and liabilities and awarded Husband five years of rehabilitative alimony. Husband appeals.

**Discussion**

Husband raises eight issues for review. It appears that Husband appeals the division of marital property, as well as the amount and duration of alimony. However, because Husband's brief fails to comport with the requirements of the Tennessee Rules of Appellate Procedure, we do not reach his substantive issues.

We are cognizant that Husband is proceeding *pro se* in this appeal. Courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Garrard v. Tenn. Dep't of Corr.*, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014)(internal citations omitted). Therefore, the courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997). "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1989). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat. Bank Assoc., et al.*, 387 S.W. 3d 559, 563 (Tenn. Ct. App. 2012); *Brown v. Christian Bros. University*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).

The contents of appellate briefs are governed by Rule 27 of the Tennessee Rules of Appellate Procedure. According to the rule, the Appellant's brief shall contain:

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

> ***

> (7) An argument, which may be preceded by a summary of

argument, setting forth:(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Additionally, Rule 6 of the Tennessee Rules of the Court of Appeals also requires an appellate brief to contain a written argument in regard to each issue on appeal, with a statement of the alleged erroneous action of the trial court, as well as a specific reference to the record where such action is recorded. The Rule further provides:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b).

In this case, Husband's brief on appeal contains no table of authorities. This omission is likely due to the fact that Husband fails to cite any legal authority in support of his arguments as required by Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure. Husband's sole citation to legal authority is in the conclusion section of his brief. The single citation to Tennessee Code Annotated Section 36-5-121 in support of his request for alimony *in futuro* is not sufficient to overcome the lack of citation to any other authority. Furthermore, Husband includes only sporadic citation to the technical record and the trial transcript. Husband's brief is largely incoherent as he neither develops his arguments nor cites any authority to support his positions. Tenn. R. App. P. 27(a)(7); **Branum v. Akins**, 978 S.W.2d 554, 557 n. 2 (Tenn. Ct. App. 1998) (internal citations omitted). ("Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal.") Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting **Bean v. Bean**, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also* **Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC**,

No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (*no perm. app. filed* ).

Because Husband fails to comply with the basic briefing requirements set out in the Tennessee Rules of Appellate Procedure, this Court cannot ascertain the gravamen of his arguments. As this Court has previously stated:

> "[T]this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." [***Owen v. Long Tire***, LLC, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)]. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct***., 301 S.W.3d 603, 615 (Tenn. 2010).

> "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54-55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." ***Waters v. Farr***, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." ***Commercial Bank, Inc. v. Summers***, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

***Clayton v. Herron***, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3, (Tenn. Ct. App. Feb. 20, 2015) (*no perm. app. filed*).

Husband's brief also fails to comply with Rule 7 of the Tennessee Rules of the Court of Appeals, which requires an appellate brief in a divorce case to contain (1) a table listing all of the parties' property and debts; (2) a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found; and (3) a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found. Tenn. R App. Ct. 7. In this case, Husband did not include a table pursuant to Rule 7 of the Tennessee Rule of the Court of Appeals, nor did he include the appropriate citations to the record as required by the rule. This failure makes it very difficult, if not impossible, for this Court to conduct any realistic review of the trial court's judgment regarding the allocation of assets and liabilities including retirement accounts and the

award of alimony.  Given the deficiencies in Husband brief and our inability to reach the substantive issues, Husband appeal is dismissed.

## Attorneys' Fees

As her sole issue, Wife requests that she be awarded attorney's fees and costs on appeal. Tennessee Code Annotated section 27-1-122 states that:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.  "In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." *Moran v. Wilensky*, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010)(citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)).  However, the statute must be interpreted and applied strictly so as not to discourage legitimate appeals.  *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010).  From our review of the entire record, we cannot conclude that this appeal was frivolous or taken solely for delay.  Accordingly, we deny Appellee's request for attorneys' fees.

## IV. Conclusion

For the forgoing reasons, the appeal is dismissed.  Costs of this appeal are assessed against the Appellant, Jon Roozbeh Vazeen and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

- 5 -