IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2019 Session

## DEBORAH LACY v VANDERBILT UNIVERSITY MEDICAL CENTER ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C-3855          Thomas W. Brothers, Judge**

_____

**No. M2018-00832-COA-R3-CV**

_____

The trial court held that Appellant failed to meet her burden to prove her claims of assault and battery. Appellant appealed. Due to the deficiencies in Appellant's appellate brief, we do not reach Appellant's substantive issues and dismiss the appeal.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Dismissed.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Deborah Lacy, Madison, Tennessee, appellant, *Pro Se.*

Sara F. Reynolds and Ashley B. Tipton, Nashville, Tennessee, for the appellees, Vanderbilt University Medical Center, Bethany Bowman, Gerimiha Emerson.

## OPINION

### I.     Background

This is the second appeal of this case. As set out in our previous opinion, ***Lacy v. Vanderbilt Univ. Med. Ctr.***, No. M2016-02014-COA-R3-CV, 2017 WL 6273316, at *1 (Tenn. Ct. App. May 4, 2017) ("***Lacy I***"), Deborah Lacy ("Appellant") filed suit against Vanderbilt University Medical Center ("VUMC"), Bethany Bowman, and Geremiha Emerson, M.D. (together the "Appellees"). Appellant's complaint filed on October 21, 2015 averred that Appellees beat her during the course of her admission to the emergency room at VUMC on October 22, 2014. Appellant also alleged that she had been misdiagnosed. Appellees filed a motion to dismiss on grounds that Appellant failed to

satisfy the pre-suit notice and certificate of good faith requirements for healthcare liability actions. In *Lacy I*, we affirmed the trial court's dismissal of Appellant's health care liability claims, but reversed the trial court's dismissal of her non-health care liability claims, i.e., assault and battery claims. *Id.* at *8.

Following remand from this Court, Ms. Lacy propounded discovery on Appellees. As is relevant to this appeal, Ms. Lacy asked Appellees for the names of "Chelsea the care giver" and the "transport person," who allegedly transported Lacy from the emergency room to the radiology department on October 22, 2014. Appellees notified Ms. Lacy that Chelsea Lampley was the care giver. However, Appellees were unable to procure the name of the transport person. Nonetheless, Ms. Lacy filed a motion to compel the identity of the transport person. The trial court denied the motion to compel after determining that Appellees had taken adequate steps to identify the person.

VUMC filed a motion for summary judgment arguing that it could not be held liable for the alleged beatings by its employees as such action would be outside the scope of their employment, and, therefore, *respondeat superior* did not apply. The trial court granted the motion. At the hearing on VUMC's summary judgment motion, the parties discussed that Appellees Bowman and Emerson were the only remaining defendants because they were the only defendants who had been named in the complaint and served with process. Ms. Lacy then moved to amend her complaint to add Chelsea Lampley and Steven Seaman. Appellees opposed the motion to amend. The trial court ultimately denied Ms. Lacy's motion finding that amendment would be futile because all claims against Lampley and Seaman were time-barred.

The case proceeded to hearing on May 21, 2018. Ms. Lacy was the only witness to testify during her case in chief. During her testimony, Ms. Lacy offered a packet of documents into evidence. The documents included medical records from her Vanderbilt admission on October 22, 2014; medical records and photographs relating to alleged assaults by other health care providers; a December 2014 letter from Vanderbilt's Office of Patient Relations; written discovery responses; and other medical records. Appellees opposed admission of these items on grounds of relevance and hearsay. The trial court sustained Appellees' objections. On May 31, 2018, following the hearing, the trial court entered its order. The trial court held that Ms. Lacy failed to meet her burden to prove her claims of assault and battery. Ms. Lacy appeals.

## II. Discussion

Ms. Lacy raises several issues for review. However, her statement of the issues is rambling and largely incoherent. Because Ms. Lacy's brief fails to comport with the requirements of the Tennessee Rules of Appellate Procedure, we do not reach her substantive issues.

We are cognizant that Ms. Lacy is proceeding *pro se* in this appeal. Courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. ***Garrard v. Tenn. Dep't of Corr.***, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014)(internal citations omitted). Therefore, the courts give *pro se* litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997). "*Pro se* litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1989). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "*[p]ro se* litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Whitaker***, 32 S.W.3d at 227. Instead, *pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere. ***Diggs v. Lasalle Nat. Bank Assoc., et al.***, 387 S.W. 3d 559, 563 (Tenn. Ct. App. 2012); ***Brown v. Christian Bros. University***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).

Here, Appellees argue that Ms. Lacy waived the issues raised in her appeal by failing to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6. According to Appellees, Appellant's brief is incoherent and "the only discernable portion of [Appellant's] brief is the complete lack of citations to the record or relevant legal authority." The contents of appellate briefs are governed by Rule 27 of the Tennessee Rules of Appellate Procedure. According to the rule, the Appellant's brief shall contain:

> (7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

Tenn. R. App. P. 27(a). Additionally, Rule 6 of the Tennessee Rules of the Court of Appeals requires an appellate brief to contain a written argument in regard to each issue on appeal, with a statement of the alleged erroneous action of the trial court, as well as a specific reference to the record where such action is recorded. The Rule further provides:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a

specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b).

In this case, Ms. Lacy fails to cite to legal authority in support of her arguments as required by Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure. Ms. Lacy's brief on appeal only cites two cases in the argument section of her brief and even then Appellant fails to provide any analysis of the cases or discuss how they relate to her position. The only statute mentioned in Ms. Lacy's argument is Tennessee Code Annotated section 28-3-104 which designates the commencement dates for tort actions after the cause of action accrued. These meager citations are not sufficient to overcome the lack of citation to any other authority. Furthermore, Ms. Lacy includes only sporadic citations to the trial exhibits and no citations to the technical record or the video trial recording. Ms. Lacy's brief is largely incoherent as she neither develops her arguments nor cites authority to support her positions. Tenn. R. App. P. 27(a)(7); **Branum v. Akins**, 978 S.W.2d 554, 557 n. 2 (Tenn. Ct. App. 1998) (internal citations omitted). ("Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal.") Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting **Bean v. Bean**, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also* **Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC**, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (*no perm. app. filed* ).

Because Ms. Lacy fails to comply with the basic briefing requirements set out in the Tennessee Rules of Appellate Procedure, this Court cannot ascertain the gravamen of her arguments. As this Court has previously stated:

"[T]his Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." [**Owen v. Long Tire**, LLC, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)]. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup. Ct**., 301 S.W.3d 603, 615 (Tenn. 2010).

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54-55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." ***Waters v. Farr***, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." ***Commercial Bank, Inc. v. Summers***, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

***Clayton v. Herron***, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3, (Tenn. Ct. App. Feb. 20, 2015) (*no perm. app. filed*). Ms. Lacy has extensive experience with this Court as she has filed no fewer than eleven (11) appeals since November 2015.[1] In two prior appeals, this Court warned Appellant that she is required to comply with Tenn. R. App. P. 27 but then proceeded to address the case on the merits despite the procedural shortcomings in her brief. *See* ***Lacy v. HCA Tristar Hendersonville Hosp.***, 2018 WL 575346 at *5-6 (Tenn. Ct. App. Jan. 26, 2018); ***Lacy v. Hallmark Volkswagen***, 2017 WL 2929502 at *1-3 (Tenn. Ct. App. July 10, 2017). Even after repeated warnings, Ms. Lacy still refuses to abide by the Tennessee Rules of Appellate Procedure. Due to our inability to reach the substantive issues, given the deficiencies in Ms. Lacy's brief after repeated warnings, Ms. Lacy's appeal is dismissed.

Despite our dismissal of this appeal, we reviewed the record thoroughly. We conclude that there is no evidence to support Ms. Lacy's various arguments. There is simply nothing in the record to indicate that the trial court erred in resolving any procedural issues. Furthermore, we agree with the trial court that the record is "woefully deficient" of proof to support Ms. Lacy's claims of assault and battery. Accordingly,

---

[1] *See* ***Lacy v. HCA Tristar Hendersonville Hospital***, No. M2017-01055-COA-R3-CV, 2018 WL 575346 (Tenn. Ct. App. Jan. 26, 2018) (*no perm. app. filed*); ***Lacy v. Meharry General Hospital***, No. M2016-01477-COA-R3-CV, 2017 WL 6501915 (Tenn. Ct. App. December 19, 2017) (*no perm. app. filed*); ***Lacy v. Hallmark Volkswagen Inc. of Rivergate***, No. M2016-02366-00A-R3-CV, 2017 WL 2929502 (Tenn. Ct. App. July 10, 2017) (*no perm. app. filed*); ***Lacy v. HCA Health Service of TN, Inc.***, No. M2016-01027-COA-R3-CV, 2017 WL 1944351 (Tenn. Ct. App. May 10, 2017), *perm. app. denied* (Aug. 17, 2017); ***Lacy v. Saint Thomas Hospital West***, et al., No. M2016-01272-COA-R3-CV, 2017 WL 1827021 (Tenn. Ct. App. May 4, 2017), *perm. app. denied* (May 4, 2017); ***Lacy v. Vanderbilt University Medical Center***, No. M2016-02014-COA-R3-CV, 2017 WL 6273316 (Tenn. Ct. App. May 4, 2017) (*no perm. app. filed*); ***Lacy v. Mitchell***, et al., 541 S.W.3D 55 (Tenn. Ct. App. Nov. 30, 2016); ***Lacy v. HCA Tristar Hendersonville Hospital, et al.***, No. M2015-02217-COA-R3-CV, 2016 WL 4497953 (Tenn. Ct. App. Aug. 25, 2016), appeal after remand. Additionally, Ms. Lacy has three cases still pending in this Court. *See* ***Lacy v. Vanderbilt Univ. Med. Ctr.***, No. M2018-00832-COA-R3-CV; ***Lacy v. Saint Thomas Hospital West***, No. M2018-01758-COA-R3-CV; ***Lacy v. Big Lots Stores, Inc.***, M2019-00419-COA-R3-CV.

even if the appeal was not dismissed for procedural shortcomings in her brief, the judgment of the trial court would be affirmed.

## V.    Conclusion

For the forgoing reasons, the appeal is dismissed.  Costs of this appeal are assessed against the Appellant, Deborah Lacy for all of which execution may issue if necessary.


_____
KENNY ARMSTRONG, JUDGE