IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 3, 2021

## JEREMY JAMES DALTON v. CLERKS OF COURTS IN FENTRESS COUNTY ET AL.

**Appeal from the Chancery Court for Fentress County**
**No. 20-33     Elizabeth C. Asbury, Chancellor**

_____

### No. M2020-01658-COA-R3-CV

_____

Appellant, acting *pro se*, appeals the trial court's dismissal of his writ of mandamus for failure to state a claim and to comply with procedural requirements. We do not reach the merits of the appeal due to Appellant's failure to comply with the briefing requirements outlined in Rule 6 of the Rules of the Court of Appeals of Tennessee and Rule 27 of the Tennessee Rules of Appellate Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KRISTI M. DAVIS, J., joined.

Jeremy James Dalton, Jamestown, Tennessee, appellant, *pro se*.

Leslie Clark Ledbetter, Clarkrange, Tennessee, for the appellees, Clerk of Courts in Fentress County, Tennessee, Fentress County Executive Jimmy Johnson, and Public Records Coordinator Becky Crockett.

### MEMORANDUM OPINION[1]

After denial of his public records requests, on May 4, 2020, Appellant Jeremy James Dalton, an inmate in Roane County, filed a *pro se* petition for writ of mandamus in the

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Chancery Court of Fentress County ("trial court"). By his writ, which was brought under Tennessee Code Annotated sections 29-25-101 and 10-7-505, Mr. Dalton sought to compel the Clerk of Courts in Fentress County, Tennessee, Fentress County Executive Jimmy Johnson, and Public Records Coordinator Becky Crockett (together, "Appellees") to release certain public records. Mr. Dalton alleged, *inter alia*, that Appellees violated section 10-7-503 of the Public Information Act by denying his records requests due to his inability to pay for copies exceeding 15 pages.

On May 20, 2020, Appellees filed an answer, wherein they denied liability and asked the trial court to dismiss the lawsuit on the grounds that: (1) Mr. Dalton failed to state a claim for relief; (2) Mr. Dalton's writ was "not the proper petition nor use of the Writ of Mandamus Procedure T.C.A. Section 29-25-101, *et seq*.;" and (3) Mr. Dalton "misunderst[ood] and misuse[d] this filing in a matter where he has refused to comply with the proper procedure for Public Records Requests per Fentress County Policy and T.C.A. Section 10-7-503, *et seq.*" Thereafter, Mr. Dalton made numerous filings, which are not germane to this appeal.

On November 4, 2020, the trial court heard all pending matters; Mr. Dalton was not present at the hearing. By order of November 23, 2020, the trial court granted Appellees' motion to dismiss. Specifically, the trial court held that Mr. Dalton: (1) "alleged no action by [Appellees] that would allow for an issuance of an extraordinary Writ of Mandamus under Writ of Mandamus Procedure T.C.A. Section 29-25-101, *et seq*.;" (2) "has not stated a claim against [Appellees] that [is] actionable in their capacity as officials of Fentress County, Tennessee or in any capacity;" (3) "has not followed proper procedure under the Tennessee Public Records Act . . . in requesting any public records, nor [] alleged or shown any violation of this or any other statute;" (4) "has not set forth any evidence of the public records requests that he has filed in Fentress County, Tennessee in order for this Court to determine what [he] is actually asking for;" and (5) has tendered pleadings and documents that are "woefully insufficient, and do not even come close to following the [Tennessee Rules of Civil Procedure]" and are largely illegible and "nonsensical." Mr. Dalton appeals.

Although Mr. Dalton raises numerous issues for review, we do not reach the substantive issues due to Mr. Dalton's failure to comply with the requirements of the Rules of the Court of Appeals of Tennessee and the Tennessee Rules of Appellate Procedure concerning briefing.

At the outset, we note that Mr. Dalton is proceeding *pro se* in this appeal. Courts should consider that many *pro se* litigants have no legal training and little familiarity with the judicial system. ***Garrard v. Tenn. Dep't of Corr.***, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014) (internal citations omitted). Therefore, the courts give *pro se* litigants, who are untrained in the law, a certain amount of leeway in drafting their pleadings and briefs. ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d

393, 397 (Tenn. Ct. App. 1997). However, "[p]ro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1989). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker*, 32 S.W.3d at 227. Instead, *pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat. Bank Assoc.*, 387 S.W. 3d 559, 563 (Tenn. Ct. App. 2012); *Brown v. Christian Bros. University*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).

Appellees contend that Mr. Dalton's appeal should be dismissed based on his failure to comply with the briefing requirements set out in Rule 6 of the Rules of the Court of Appeals of Tennessee. We agree. Rule 6 provides, in relevant part:

> (a) Written argument in regard to each issue on appeal shall contain:
>
> > (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
> >
> > (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
> >
> > (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> >
> > (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. Ct. R. App. 6(a)(1)-(4). In addition to the briefing requirements set out in Rule 6 of the Rules of the Court of Appeals of Tennessee, Tennessee Rule of Appellate Procedure 27 provides:

> (a) Brief of the Appellant. The brief of the appellant shall contain . . .

***

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a)(7), (8).

Turning to Mr. Dalton's appellate brief, in his statement of the facts, Mr. Dalton avers that his "attempts to obtain these records have revealed in true light a double standard in access to these records" where a former city council member was granted access to the same records that were denied to him. Under Rule 6(a)(1), *supra*, "the alleged erroneous action [must contain a] citation to the record where the erroneous or corrective action is recorded." Tenn. R. Ct. App. 6(a)(1). At no point in his statement of facts does Mr. Dalton reference the record, and we have no indication as to who the "former city council member" is or whether the allegation is true.

Furthermore, Rule 6(a)(2), *supra*, requires an appellant to note any objections during the trial court hearing and to cite those objections in the record. Tenn. R. Ct. App. 6(a)(2). Again, Mr. Dalton's brief contains no citations to the record, nor any information concerning whether, or how, he brought the alleged erroneous actions to the attention of the trial court.[2] Furthermore, Rule 6(a)(3), *supra*, requires an appellant to show how he or she was prejudiced and to cite to the specific trial court rulings. Tenn. R. Ct. App. 6(a)(3). Mr. Dalton does neither in his brief. Rather, Mr. Dalton invites this Court to review the attachments to his brief, without reference to where, or if, these documents may be found in the record. Because our review is limited to the record on appeal, we will not consider these attachments. Tenn. R. App. P. 13(d); ***Wright v. City of Knoxville***, 898 S.W.2d 177, 181 (Tenn. 1995).

Moreover, Mr. Dalton wholly fails to state how the denial of the public records he sought specifically harmed him or otherwise created prejudice against him in any pending case. Rather, Mr. Dalton's brief focuses primarily on broad policy restructuring, which

---

[2] We are cognizant of the fact that Mr. Dalton did not attend the hearing due to his incarceration. However, there is nothing in the record to show that he filed any cogent, post-trial motion that specifically addressed any alleged errors that occurred during the hearing. However, even if Mr. Dalton objected or noted error arising from the trial court proceedings, his brief fails to cite to the portion of the record where such objection occurred. As such, his brief fails to comply with Rule 6(a)(2).

- 4 -

neither the trial court nor this Court is authorized to implement. Mr. Dalton's brief also fails to comply with Rule 6(a)(4), *supra*, which requires an appellant to cite (from the record) the facts on which he or she relies in making his or her argument. Tenn. R. Ct. App. 6(a)(4). Again, there is no citation to the record in Mr. Dalton's brief.

For the same reasons outlined above, Mr. Dalton's brief also fails to comply with Tennessee Rule of Appellate Procedure 27, which requires an appellant not only to explain the reasons why the contentions raised in the issues require appellate relief, but also to make citation to the record and relevant authority. Tenn. R. App. P. 27(a)(7)(A). Mr. Dalton's brief wholly fails to comply with these requirements. Furthermore, Rule 27 requires an appellant to include, in his or her brief, "a concise statement of the applicable standard of review," Tenn. R. App. P. 27(a)(7)(B), and Mr. Dalton's brief does not indicate the applicable standard(s) of review. In truth, Mr. Dalton's brief is largely incomprehensible and contains a series of rambling allegations, which this Court cannot decipher. Rather than referencing the appellate record or proper authority, Mr. Dalton quotes random Biblical scripture and makes sweeping generalizations and allegations that are not supported by the record. ***Branum v. Akins***, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1998) (internal citations omitted) ("Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal."). Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by the rules of appellate practice constitutes a waiver of the issue. ***Forbess v. Forbess***, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting ***Bean v. Bean***, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)). Indeed, under Rule 6(b) of the Rules of the Court of Appeals of Tennessee,

> [n]o complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains reference to the page or pages of the record where evidence of such fact is recorded.

In the recent case of ***Lacy v. Vanderbilt University Medical Ctr.***, No. M2018-00832-COA-R3-CV, 2019 WL 1450390 (Tenn. Ct. App. April 1, 2019), this Court dismissed appellant, Deborah Lacy's, appeal for failure "to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6." *Id.* at *2. As in the instant case, in ***Lacy***, the appellant's failure "to comply with the basic briefing requirements set out in the Tennessee Rules of Appellate Procedure, [rendered] this Court [unable to] ascertain the gravamen of her arguments." *Id.* at *3. Nonetheless, Mr. Dalton urges this Court to afford him greater leniency due to his *pro se* status. Although we appreciate the fact that Mr. Dalton chose to represent himself at all stages of these proceedings, due to the lack of compliance with the briefing rules and the, frankly, incomprehensible arguments and allegations espoused in his brief, we cannot proceed with

appellate review. As we have previously cautioned:

> "[T]his Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." [***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)]. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010).
>
> "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [appellant] did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54-55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." ***Waters v. Farr***, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his [or her] brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." ***Commercial Bank, Inc. v. Summers***, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

***Clayton v. Herron***, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3, (Tenn. Ct. App. Feb. 20, 2015).

For the foregoing reasons, we dismiss the appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Jeremy James Dalton. Because Mr. Dalton is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE
