FILED

07/09/2021

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 3, 2021

**DARYL K. BURFORD v.**
**TENNESSEE DEPARTMENT OF CORRECTION ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 19-1502-II        Anne C. Martin, Chancellor**
_____

**No. M2020-00575-COA-R3-CV**
_____

The petitioner, a state prison inmate, appeals the trial court's dismissal of his petition for a declaratory judgment, in which he alleged that the respondents, Tennessee Department of Correction ("TDOC"); TDOC Sentence Management; TDOC Commissioner Tony Parker; and CoreCivic, Inc., Records Officials ("CoreCivic") (collectively, "Respondents"), miscalculated his release eligibility date and sentence expiration date. The trial court dismissed the petition upon finding that the petitioner had failed to comply with the court's two orders notifying the petitioner that his case would be dismissed if he did not pay the initial partial filing fee required under Tennessee Code Annotated § 41-21-807, file an affidavit of indigency, and submit copies of his petition and summons for each respondent with the court clerk. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

Daryl K. Burford, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and Erin A. Shackelford, Assistant Attorney General, for the appellees, Tennessee Department of Correction; Tony Parker, TDOC Commissioner; TDOC Sentence Management; and CoreCivic, Inc.

**OPINION**

I. Factual and Procedural Background

The appellant, Daryl K. Burford, an inmate proceeding without assistance of counsel, filed a petition for declaratory judgment ("the Petition") in the Davidson County Chancery Court ("trial court") on December 13, 2019, alleging that "TDOC Sentence Management and CoreCivic officials" had miscalculated his release eligibility date and sentence expiration date. In the Petition, Mr. Burford further averred that TDOC and CoreCivic's failure to recalculate and reduce his release eligibility date and sentence expiration date "interferes with, threatens to interfere with and impairs the legal rights and privileges of this petitioner to earn sentence credits." Mr. Burford also claimed that these failures amounted to a violation of "Constitutional provisions" and that TDOC and CoreCivic had exceeded their statutory authority.

Mr. Burford attached to the Petition several exhibits in support of his claim, including a May 3, 2019 judgment entered by the Davidson County Criminal Court ("criminal court"), reflecting Mr. Burford's sentence as ten years in the custody of TDOC with release eligibility after service of 45% of his sentence. Likewise, Mr. Burford attached a "Criminal Information Plea Agreement Form," which indicated Mr. Burford's agreement to a ten-year sentence with 45% release eligibility. He also attached a Tennessee Offender Management Information System ("TOMIS") "Offender Sentence Letter," which listed a sentence effective date of October 6, 2017; release eligibility date of January 27, 2025; and a sentence expiration date of March 26, 2027. The notation "Incorrect[,] shows 10 at 85%" was handwritten on the "TOMIS Offender Sentence Letter."

The Petition additionally included exhibits reflecting Mr. Burford's previous efforts to resolve his sentencing issue with TDOC directly. In a July 19, 2019 letter to TDOC Sentence Management, Mr. Burford requested that TDOC recalculate his release eligibility date. Mr. Burford, contrasting the release eligibility reflected on the May 3, 2019 judgment with the release eligibility date listed on the "TOMIS Offender Sentence Letter," claimed that TDOC miscalculated his sentence as "ten[ ](10) at a range between 65 and 85%," whereas the criminal court had ordered him to serve a ten-year sentence at 45% release eligibility. In a September 19, 2019 letter to TDOC Commissioner Parker, styled as a "Petition for Declaratory Order," Mr. Burford contended that TDOC "arbitrarily authoriz[ed], allow[ed] or impl[ied] a delegation of authority or responsibility of the commissioner to [CoreCivic]'s[] Prison Contractors Trousdale Turner C.C., for authority to manage [his] sentence calculations, which is in violation of the Private Prison Contracting Act . . . ." Mr. Burford further requested:

> [T]his agency to issue this Declaratory Order for TDOC Sentence Management and [CoreCivic] officials to re-calculate my release and expiration eligibility dates so they can reflect the ten (10) at forty-five (45%)

which the Court imposed, because the increase in my release and expiration dates to eighty-five (85%) and or anything other than the imposed forty-five (45%) are clearly and convincingly in conflict with the evidence of the attached Exhibits from the Davidson Co. Criminal Court, and as a matter of fact and law, these errors should be rectified accordingly.

TDOC's Office of General Counsel responded to Mr. Burford's complaint in a November 11, 2019 letter, which was also attached to the Petition as an exhibit. In its letter, TDOC redirected Mr. Burford's complaint to the courts, stating: "Any issue you may have with your judgment orders must be addressed with the court of jurisdiction." In addition, TDOC stated that it had obeyed the criminal court's judgment in carrying out Mr. Burford's sentence. The correspondence outlined three cases in which Mr. Burford had been sentenced, including the sentence that is the subject of the Petition. According to the letter, "[t]he judgment order in case # 2019I134 shows the release eligibility range on your 10[-] year sentence is 45% and the Offender Management System (OMS) shows this, as of the date of this letter." Directly below this statement is a note handwritten, apparently by Mr. Burford, stating, "shown consecutive at 85%."

In addition to the Petition, Mr. Burford filed an inmate affidavit and certified copy of his inmate trust fund account statement as required under Tennessee Code Annotated §§ 41-21-805 and -807. However, as determined by the trial court in an order entered on December 18, 2019, Mr. Burford failed to meet several of the filing requirements outlined in the Tennessee Prisoner Litigation Reform Act, codified at Tennessee Code Annotated § 41-21-801 (2019), *et seq.* In its order, the trial court noted that Mr. Burford had failed to submit an affidavit of indigency, a copy of the Petition for each respondent, summons in duplicate for each respondent, and a partial payment of the filing fee in the amount of $11.15. The trial court afforded Mr. Burford thirty days to comply with the trial court's order, provided him with the required forms, and instructed Mr. Burford that failure to comply would result in the dismissal of his case without prejudice.

On January 9, 2020, Mr. Burford responded to the trial court's order through a filing, asserting that he had forwarded summonses, along with the inmate affidavit and the Petition, to Commissioner Parker, "Sentence Management Mrs. Wiseman, CoreCivic Warden Washburn, and [CoreCivic] Records Mrs. Warren." Mr. Burford also stated that he had "agreed to the monthly payment plan of $11.15, if not declared indigent." However, he did not clarify with whom this agreement was made. Although Mr. Burford attached to his response another copy of the inmate affidavit that he had filed previously with the Petition, he did not attach an affidavit of indigency.

The trial court issued another order on February 14, 2020, noting that in violation of the court's previous order, Mr. Burford still had failed to submit the necessary documents and had not paid the partial filing fee. The trial court accordingly allowed Mr.

Burford an additional thirty days to file the documents and pay the partial filing fee, again indicating that failure to do so would result in the dismissal of his case.

CoreCivic filed a motion to dismiss on January 30, 2020, alleging that Mr. Burford had failed to state a claim upon which relief could be granted, pursuant to Tennessee Rule of Civil Procedure 12.02(6), because CoreCivic lacked authority to determine release eligibility and sentence expiration dates. On February 20, 2020, Commissioner Parker filed a motion for an extension of time to file a response in order to "investigate the petition allegations, acquire needed documents and information to properly answer the petition, and research the propriety of a motion to dismiss." On March 4, 2020, Mr. Burford filed a "Motion to Amend/Response," in which he objected to CoreCivic's motion to dismiss and requested that the trial court conduct an evidentiary hearing. However, Mr. Burford neither attached any of the documents that the trial court had referenced nor provided any explanation as to why he could not submit the necessary documents or pay the partial filing fee.

On the basis of Mr. Burford's failure to comply with the trial court's December 18, 2019 and February 14, 2020 orders, the trial court issued an order on March 17, 2020, dismissing the Petition. On April 9, 2020, Mr. Burford filed a post-judgment motion captioned as a "Motion to Re-Open/Re-Hear and or Notice of Appeal," in which he asserted that Commissioner Parker had received the Petition and summons. In support of his assertion, Mr. Burford cited Commissioner Parker's motion for an extension of time to file a response, which had stated: "On or about January 21, 2020, service of Plaintiff's summons and complaint were accepted on behalf of Commissioner Parker in his official capacity only." Mr. Burford also claimed that "as of March 28, 2020, [he had] not received any funds/income due to the lock-down-restricted movement," but that he had submitted "an agreement plan to deduct the monthly [fees][], which was due to start January 15,[ ] 2020." Mr. Burford also implied that he had been unable to provide additional copies of the Petition for each respondent due to the COVID-19 pandemic, stating, "as for the additional copies of complaint for each named Respondent[], again, due to lock-down-restricted movement, limited access to the prison library, time[,] materials, and copies, this Petitioner as well as others here, has been impeded by delayed mail service[.]"

In an apparent response to the trial court's finding that Mr. Burford had never filed an affidavit of indigency, Mr. Burford noted that he had filed the inmate affidavit pursuant to Tennessee Code Annotated § 41-21-805. We emphasize, however, that this is not the affidavit of indigency referenced by the trial court's orders. Notwithstanding, Mr. Burford averred that he had submitted "everything requested[]/ORDERED by [the trial court] to the best of his knowledge, truth and ability per T.C.A. 41-21-805" and requested that the trial court "RE-Open and or RE-Hear" the Petition with "full consideration of the substance of the merits of the petition, rather than the form of terminology of this Pro se litigant's papers . . . ."

- 4 -

On April 9, 2020, Mr. Burford filed an identical "Motion to Re-Open/Re-Hear and or Notice of Appeal" with this Court to initiate his appeal. The trial court subsequently entered an order on April 30, 2020, declining to consider Mr. Burford's post-judgment motion due to his pending appeal. The trial court determined that the matter would remain closed in the trial court "until and unless it receive[d] instructions from the Court of Appeals otherwise." In turn, this Court entered an order on September 23, 2020, determining that Mr. Burford's appeal was premature because the trial court had not entered an order disposing of Mr. Burford's post-judgment motion, which this Court considered to be a Tennessee Rule of Civil Procedure Rule 59 motion to alter or amend the judgment. The trial court thereafter entered an order on December 23, 2020, acknowledging that "payments were subsequently made towards [Mr. Burford's] filing fee" but finding that Mr. Burford had never submitted an affidavit of indigency and that "summonses were never issued by the Office of the Clerk & Master as required under Rule 4 of the Tennessee Rules of Civil Procedure." The trial court denied Mr. Burford's motion while noting that Mr. Burford "did not explain why he is not required to abide by the above-referenced rules, statutes, and orders of this Court." This appeal followed.

## II. Issues Presented

Mr. Burford has raised the following issues on appeal, which we have restated slightly as follows:

1.      Whether TDOC Commissioner/Sentence Management has failed to recalculate Mr. Burford's sentence in Case No: 2019-I-134 to reflect his proper release and expiration eligibility dates.

2.      Whether TDOC Commissioner/Sentence Management continues to deny Mr. Burford's legal and binding release and expiration eligibility dates, per the criminal court's judgment and plea agreement documents.

3.      Whether the purported failure to recalculate and reduce Mr. Burford's release and expiration eligibility dates threatens, interferes with and impairs the legal rights of the judgment and plea agreement rights and privileges.

Respondents have framed the substantive issue, slightly restated, as follows:

4.      Whether the trial court abused its discretion when it dismissed the Petition based on Mr. Burford's failure to comply with the trial court's orders directing him to follow the requirements of Tennessee Rule of Civil Procedure 4.01 and Tennessee Code Annotated § 41-21-801, *et seq*.

- 5 -

In addition, Respondents have raised the following procedural issue, which we have likewise similarly restated:

> 5. Whether Mr. Burford has waived consideration of the merits of this appeal through failure to comply with Tennessee Rule of Appellate Procedure 27.

We have concluded that the substantive issue framed by TDOC is the dispositive issue on appeal.

## III. Standard of Review

Inasmuch as the trial court dismissed the Petition *sua sponte* based on Mr. Burford's failure to comply with the court's two previous orders, it appears that the trial court dismissed the Petition pursuant to Tennessee Rule of Civil Procedure 41.02(1), which provides:

> Involuntary Dismissal—Effect Thereof.
>
> (1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Although defendants are specifically authorized to move for dismissal pursuant to Rule 41.02(1), our Supreme Court has held that "a trial court may under certain circumstances and upon adequate grounds therefor, Sua sponte order the involuntary dismissal of an action." *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978).

This Court recognizes that trial courts "must be able to control their dockets and that to do so, they must have available the most severe spectrum of sanctions not merely to penalize those whose conduct warrants sanctions but also to deter others who might be tempted to engage in similar conduct if the sanction did not exist." *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 864 (Tenn. Ct. App. 2000) (quoting *Kotil v. Hydra-Sports, Inc.*, No. 01A01-9305-CV-00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994)); see *also Hodges v. Tenn. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000) ("Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court."). As such, a trial court's decision to dismiss a case for failure to comply with its orders is reviewed for abuse of discretion. *Mfrs. Consolidation Serv.*, 42 S.W.3d at 864.

Under the abuse of discretion standard of review, this Court will "second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably." *Hodges*, 43 S.W.3d at 921. In addition, a trial court may abuse its discretion when it "appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Armbrister v. Armbrister*, 414 S.W.3d 685, 693 (Tenn. 2013) (quoting *Gonsewski v. Gonsewski,* 350 S.W.3d 99, 105 (Tenn. 2011)). Moreover, "[t]he reviewing court is to begin with the presumption that the trial court's decision is correct and should review the evidence in the light most favorable to the decision." *Shofner v. Mahaffey*, No. M2012-02061-COA-R3-CV, 2013 WL 5178612, at *3 (Tenn. Ct. App. Sept. 12, 2013) (citing *Amanns v. Grissom*, 333 S.W.3d 90, 98 (Tenn. Ct. App. 2010)). Nevertheless, "[d]ismissal is a harsh sanction that generally is not favored in circumstances where lesser sanctions are available, and this court does not treat decisions to dismiss cases pursuant to 41.02 lightly." *Mfrs. Consolidation Serv.*, 42 S.W.3d at 864.

Furthermore, we recognize that Mr. Burford is a *pro se* litigant and respect his decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R. I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App.3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Although parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). In addition, this Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Moreover, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

IV. Compliance with Tennessee Rule of Appellate Procedure 27

As a threshold matter, we address TDOC's postulate that Mr. Burford's brief fails to comply with Tennessee Rule of Appellate Procedure 27(a), which provides in pertinent part:

(a)     Brief of the Appellant.  The brief of the appellant shall contain under appropriate headings and in the order here indicated:

\* \* \*

(4)     A statement of the issues presented for review;

(5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)     An argument, which may be preceded by a summary of argument, setting forth:

(A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)

(8)     A short conclusion, stating the precise relief sought.

TDOC contends that in his brief, Mr. Burford "has failed to comply with many of the content and preparation requirements for appellate briefs."  Specifically, TDOC argues that Mr. Burford's brief is "lacking a statement of the issues, statement of the case, statement of facts, and an applicable standard of review," stressing that Mr. Burford's principal brief is primarily comprised of documents that he filed previously with the trial court.  In addition, TDOC points out that Mr. Burford has "failed to include any citations

to the record." In response, Mr. Burford posits that he has complied with Rule 27 requirements "to the best of his ability[,] knowledge[,] and legal understanding." Furthermore, Mr. Burford requests that this Court excuse any defects in his brief for "just cause" due to the limited access to the legal library at Turner Trousdale Correctional Center, where Mr. Burford was housed during the pendency of this appeal, while the COVID-19 pandemic continued.

We recognize and respect that Mr. Burford is representing himself in this appeal, and as a *pro se* appellant, he may have "little familiarity with the rules of this Court." *City of La Vergne v. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *2 (Tenn. Ct. App. Oct. 19, 2016). For this reason, this Court has previously stated that "[t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." *Hessmer*, 138 S.W.3d at 903. Furthermore, courts are encouraged to "give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." *Id.* at 904. However, "the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary" and "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* at 903.

Although TDOC correctly notes that Mr. Burford's brief is not in strict compliance with the requirements of Rule 27, this Court may, "in its discretion, suspend or relax the procedural rules in a given case for good cause." *City of La Vergne*, 2016 WL 6124117, at *2 (citing Tenn. R. App. P. 2). In addition, "[t]he *Tennessee Rules of Appellate Procedure* should be construed to afford all parties a hearing on the merits." *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997) (deciding the appeal on the merits despite acknowledging that the appellant failed to comply with Rule 27); *see also* Tenn. R. App. P. 1 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits.").

Mr. Burford has attempted to comply with Rule 27 by dividing his principal brief into appropriate sections, citing to what he considers to be relevant legal authority, and summarizing the nature of the case as he understands it. Although Mr. Burford did not cite to the record, he did attach exhibits contained within the record in an ostensible attempt to do so. In addition, Mr. Burford advances the argument that he has had limited access to the legal library due to movement restrictions established during the COVID-19 pandemic. Although some deficiencies are apparent in Mr. Burford's brief, we determine that Mr. Burford has not failed to comply with Rule 27 so substantially as to waive what we determine to be the dispositive issue: whether the trial court abused its discretion by dismissing the Petition. *See, e.g.*, *Diggs v. Lasalle Nat'l Bank Ass'n*, 387 S.W.3d 559, 563-64 (Tenn. Ct. App. 2012) (deciding the appeal on the merits when this Court discerned "only one dispositive issue" in the case, despite there being "profound deficiencies" in the brief); *City of Le Vergne*, 2016 WL 6124117, at *2 (finding good cause to decide the merits of the appeal when the deficiencies in the appellant's brief did not impede the Court's

ability to do so, the appellant's argument was clear, and the appellee did not claim that it would be unfairly prejudiced). Upon careful consideration and in light of Mr. Burford's self-represented status, this Court will consider Mr. Burford's appeal so as to give effect to the substance of his brief and decide the case on the merits.

## V. Dismissal of Petition for Declaratory Judgment

The trial court dismissed the Petition by reason of Mr. Burford's failure to comply with the court's December 18, 2019 and February 14, 2020 orders directing Mr. Burford to fulfill the filing requirements of Tennessee Code Annotated § 41-21-801, *et seq.,* and Tennessee Rule of Civil Procedure 4.01. Although Mr. Burford had submitted the inmate affidavit, pursuant to Tennessee Code Annotated § 41-21-805 (2019), and a certified copy of his inmate trust account statement, pursuant to Tennessee Code Annotated § 41-21-807 (2019), he had failed to (1) pay the partial filing fee set by the trial court's December 18, 2019 order; (2) file an affidavit of indigency; and (3) submit copies of the Petition and summons for each named respondent. In its order denying Mr. Burford's post-judgment motion, the trial court noted that Mr. Burford had subsequently made payments toward his filing fee but never filed the affidavit of indigency in compliance with Tennessee Code Annotated §§ 20-12-127 (2009) and 41-21-801, *et seq.,* or provided copies of the Petition and summons for each respondent in compliance with Tennessee Rule of Civil Procedure 4.01. Consequently, the trial court dismissed Mr. Burford's Petition. TDOC contends that the trial court did not abuse its discretion by dismissing the Petition based on Mr. Burford's failure to comply with the trial court's orders. We agree with TDOC and affirm the judgment of the trial court.

First, we determine that the trial court did not abuse its discretion by dismissing the Petition based on Mr. Burford's failure to pay the required initial partial filing fee pursuant to Tennessee Code Annotated § 41-21-807, which provides in pertinent part:

(a) An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security for the fees, in addition to filing the affidavit required by § 41-21-805, shall submit a certified copy of the trust fund account statement, or the institutional equivalent, for the inmate for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each facility at which the inmate is or was confined.

(b)(1) If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the greater of the average monthly:

- 10 -

(A)     Deposits to the inmate's account; or

(B)     Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.

According to subsection (b)(1), an inmate who brings an action *in forma pauperis* is still required to pay the filing fee. In addition, the trial court is required by the above statutory language to collect an initial partial filing fee of 20% of the greater of the average monthly deposit to the inmate's account or balance in his account for the six-month period immediately preceding the filing of his Petition. After making this initial payment, the inmate is then required to make monthly payments of 20% of the preceding month's income credited to his account.

This Court has previously affirmed dismissals based on an inmate's failure to pay the partial filing fee required by Tennessee Code Annotated § 41-21-807. *See Hill v. Tenn. Bd. of Prob. & Parole*, No. M2008-00561-COA-R3-CV, 2009 WL 1362363, at *2 (Tenn. Ct. App. May 14, 2009) ("The Trial Court, pursuant to [Tennessee Code Annotated § 41-21-807], ordered the petitioner to make a partial payment of the filing fee within a certain time, and if the petitioner failed to comply, it was appropriate for the Trial Court to dismiss the petition."); *Chambers v. Tenn. Bd. of Prob. & Parole*, M2007-00042-COA-R3-CV, 2008 WL 204111, at *2 (Tenn. Ct. App. Jan. 24, 2008) ("Failure to comply with the requirement of Tenn. Code Ann. § 41-21-807 authorizes a trial court to dismiss the action."); *Wallace v. Tenn. Dep't of Corrs.*, No. M2005-01916-COA-R3-CV, 2006 WL 3246104, at *2 (Tenn. Ct. App. Nov. 8, 2006) (affirming the trial court's dismissal of the petition based on the petitioner's failure to pay the partial filing fee when "funds were available for Plaintiff to make a partial payment" and "[f]unds continued to come available to Plaintiff even after the Trial Court entered its order requiring Plaintiff to make the necessary payment."); *Freeman v. Tenn. Dep't of Prob. & Parole*, No. M2002-00958-COA-R3-CV, 2003 WL 1798080, at *2 (Tenn. Ct. App. April 7, 2003) (affirming the trial court's dismissal of the petition when the petitioner failed to pay the partial filing fee despite his account records reflecting "a deposit and balance history that would have enabled him to make the partial payment required by Tenn. Code Ann. § 41-21-807(b)(1) anytime before the trial court eventually dismissed his petition"); *cf. State v. Jefferson*, No. M2015-01321-CCA-R3-CD, 2016 WL 1161066, at *4 (Tenn. Crim. App. Mar. 23, 2016) (concluding that the petitioner "could not be prohibited from bringing a civil action for failure to make said payment" because he filed documentation to show that he had "'no assets and no means by which to pay the initial partial filing fee'") (quoting Tenn. Code Ann. § 41-21-807(b)(4)).

Here, Mr. Burford complied with subsection (a) of Tennessee Code Annotated § 41-21-807 by filing a certified copy of his trust fund account statement for the six-month

- 11 -

period immediately preceding the filing of the Petition. However, Mr. Burford failed to comply with subsection (b) by not paying the $11.15 partial filing fee. In its December 18, 2019 order, the trial court permitted Mr. Burford thirty days in which to pay an initial partial filing fee of $11.15. When Mr. Burford did not meet that thirty-day deadline, the trial court afforded Mr. Burford an additional thirty days within which to comply. Mr. Burford nonetheless failed to pay the partial filing fee by the second deadline, and the trial court dismissed Mr. Burford's appeal as a result. Upon careful review, we conclude that the trial court did not abuse its discretion by doing so.

Mr. Burford submitted a certified copy of his inmate trust account, which showed his account's balance from April 26, 2019, to November 20, 2019. Although Mr. Burford only maintained $.07 in his account as of November 20, 2019, before the filing of the Petition, the average balance in his account during the preceding six months was $59.03. Even though Mr. Burford may have been unable to afford the partial filing fee when he filed the Petition on December 13, 2019, there is no indication that Mr. Burford could not have afforded the $11.15 partial filing fee between the time the trial court issued its initial instruction on December 18, 2019, and the time it dismissed Mr. Burford's Petition on March 17, 2020.[1] Ergo, Mr. Burford had nearly three months during which to pay the partial filing fee.

Although Mr. Burford noted in his post-judgment motion that "as of March 28, 2020, [he had] not received any funds/income due to the lock-down-restricted movement," this does not explain why Mr. Burford could not have paid the partial filing fee during the three months preceding the advent of the COVID-19 pandemic lockdowns. Furthermore, Mr. Burford never claimed that he could not afford the $11.15 fee or provided the trial court with documentation indicating an inability to pay prior to the trial court's dismissal of the Petition. *Cf. Jefferson*, 2016 WL 1161066, at *4 (determining that a trust fund certification that reflected an inmate trust fund account balance of $0.00 at the time the petition was filed and an average balance of $0.00 for the past six months constituted sufficient documentation to prove that the petitioner had "'no assets and no means by which to pay the initial partial filing fee'") (quoting Tenn. Code Ann. § 41-21-807(b)(4)).

Inasmuch as Mr. Burford failed to pay the partial filing fee, his trust fund account statement indicated a prior history of regular deposits more than sufficient to cover the fee, and the trial court informed him of the consequences for failure to pay the fee, we find no abuse of discretion in the trial court's decision to dismiss the Petition on this ground. *See Bough v. Tenn. Dep't of Corr.*, No. E2017-02350-COA-R3-CV, 2018 WL 4181877, at *2

---

[1] We note also that in order to proceed with his appeal in compliance with Tennessee Code Annotated § 41-21-801, *et seq.*, Mr. Burford filed a certified copy of his trust fund account with this Court. In addition, Mr. Burford filed account balance statements from January 15, 2020, to July 14, 2020. These account balance statements reveal that Mr. Burford's account had a balance of $33.07 as of February 13, 2020. The trial court did not dismiss the Petition until March 17, 2020. Thus, Mr. Burford had sufficient funds to pay the partial filing fee before the trial court dismissed the Petition.

(Tenn. Ct. App. Aug. 30, 2018) (noting that this Court has previously affirmed dismissals based on a petitioner's failure to pay the partial filing fee when "each inmate had sufficient funds to pay the fee, was informed of the consequences for not paying the fee, and failed to provide a justification for not paying the fee").

A second basis for the trial court's order dismissing the Petition was Mr. Burford's failure to submit and file an affidavit of indigency pursuant to Tennessee Code Annotated §§ 20-12-127 and 41-21-801, *et seq.* The trial court properly acted within its discretion by dismissing the Petition on this basis as well because Mr. Burford, intending to proceed *in forma pauperis*, was required to file an affidavit of indigency. As this Court has previously stated:

> It is well settled that a litigant commencing a civil action in a Tennessee court must file a cost bond and pay an initial filing fee. Litigants who are indigent may be excused from filing a cost bond by filing an affidavit stating that they are justly entitled to legal or equitable relief but are unable to bear the expense of the litigation because of their poverty.

*Spates v. Howell*, 420 S.W.3d 776, 783 (Tenn. Ct. App. 2013) (citing Tenn. Code Ann. § 20-12-127(a)). Tennessee Code Annotated § 20-12-127(a) provides that "[a]ny civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes due by" filing an oath of poverty. If a plaintiff does not file a cost bond and wishes to proceed *in forma pauperis*, the party must file an affidavit of indigency. *See Spates*, 420 S.W.3d at 783. Here, no evidence in the record indicates that Mr. Burford provided security for costs, and Mr. Burford's failure to do so indicates that he intended to proceed as an indigent petitioner and therefore was required to file an affidavit of indigency to commence the action.

Furthermore, the Tennessee Prisoner Litigation Reform Act only applies to claims brought by inmates who file an "affidavit of inability to pay costs" with the claim. *See* Tenn. Code Ann. § 41-21-802 (2019) ("This part applies only to a claim brought by an inmate in general sessions or a trial level court of record in which an affidavit of inability to pay costs is filed with the claim by the inmate."). Additionally, Tennessee Code Annotated § 41-21-805 contemplates that inmates filing suits under this Act will file an "affidavit of inability to pay costs" along with the separate inmate affidavit, which lists previous lawsuits or claims filed by the inmate. Given that Mr. Burford filed the inmate affidavit, pursuant to Tennessee Code Annotated § 41-21-805, and a certified copy of the trust fund account statement, pursuant to Tennessee Code Annotated § 41-21-807, every indication is that Mr. Burford intended to file the Petition under the Tennessee Prisoner Litigation Reform Act and proceed as an indigent petitioner. Therefore, Mr. Burford was required to submit an affidavit of indigency in order to proceed. Inasmuch as Mr. Burford failed to meet this requirement, the trial court did not abuse its discretion by dismissing the Petition on this basis.

- 13 -

The trial court also predicated its decision to dismiss the Petition on Mr. Burford's failure to provide copies of the Petition and summons in duplicate for each respondent. This is also a proper basis for dismissal. This Court has previously upheld a trial court's decision to dismiss a plaintiff's case for failure to provide the clerk of the court with sufficient copies of the complaint and summons for each defendant. *See Hodges*, 43 S.W.3d at 920. As the *Hodges* Court noted:

> Because Tenn. R. Civ. P. 4.01 requires the service of a copy of the complaint and a summons on each of the defendants, the lawyer representing the plaintiff or the plaintiff himself or herself must also provide the clerk of the court with sufficient copies of the complaint and completed summons for service on each of the defendants. Tenn. R. Civ. P. 3 advisory commission 1992 cmt. An unexplained failure to file a summons with the trial court clerk or to otherwise cause a summons to be issued can result in the dismissal of a complaint for failure to prosecute. Accordingly, we have upheld the dismissal of a complaint for failure to prosecute following an unexplained seven month delay in causing a summons to be issued. *Strong v. Elkins*, No. 01A01-9201-CV-00028, 1992 WL 113419, at *2 (Tenn. Ct. App. May 29, 1992) (No Tenn. R. App. P. 11 application filed).

*Id.* (footnote omitted).

We note, however, that in the case at bar, evidence exists in the record demonstrating that respondents Commissioner Parker and CoreCivic received copies of the Petition and summons. Commissioner Parker stated in his motion for an extension of time: "On or about January 21, 2020, service of Plaintiff's summons and complaint were accepted on behalf of Commissioner Parker in his official capacity only." In addition, CoreCivic referred to Mr. Burford's "Complaint" and summons in its January 30, 2020 motion to dismiss. Although these two respondents' statements in their respective motions would suggest that copies of the Petition and summons were provided to them, Mr. Burford also acknowledged in his April 9, 2020 post-judgment motion that he did not provide the copies of the Petition and summons to the court Clerk and Master by stating that "the additional copies of complaint for each named Respondent[] . . . has been impeded by delayed mail service[.]"

Although it remains unclear how Commissioner Parker and CoreCivic received copies of the Petition and summons, this Court will not second-guess the trial court's determination that Mr. Burford failed to file sufficient copies of the Petition and summons for each respondent with the court clerk. We emphasize that this Court will presume that the trial court's decision is correct and will review the evidence in the light most favorable to the trial court's decision. *See Shofner*, 2013 WL 5178612, at *3. Therefore, without evidence in the record that clearly contradicts the trial court's order of dismissal and

- 14 -

indicates that Mr. Burford complied with the trial court's orders and filed copies of the Petition and summons for each respondent with the court Clerk and Master, this Court concludes that the trial court was correct in its determination.

Inasmuch as Mr. Burford failed to comply with the requirements of Tennessee Code Annotated § 41-21-801, *et seq.*, the requirements of Tennessee Rule of Civil Procedure 4.01, and the trial court's orders, we conclude that the trial court did not abuse its discretion in dismissing the Petition.[2]

## VI. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court dismissing the Petition. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Daryl K. Burford.

s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE

---

[2] We note that neither Mr. Burford nor TDOC raised the issues of whether the trial court's dismissal of the Petition is with or without prejudice or whether it should be with or without prejudice. We therefore make no determination in this regard. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").